650 So.2d 469 (1995)
Judy Chandler MICHAEL
v.
Ronald Edward MICHAEL, Jr.
Nos. 93-CA-0094, 93-CA-0901.
Supreme Court of Mississippi.
January 12, 1995.
Ross R. Barnett, Jr., Barnett Law Firm, Jackson, for appellant.
Connie Collier Jones, Wayne A. Burnett, Brandon, for appellee.
Before HAWKINS, C.J., and PITTMAN and BANKS, JJ.
HAWKINS, Chief Justice, for the Court:

CAUSE NO. 93-CA-00094

(Cause No. 34-183 in lower court)
Judy Chandler Michael and Ronald Edward Michael, Jr., were married May 19, 1989. One child, Lacy J' Lynn Michael, a daughter, was born October 3, 1989. While residents of Rankin County, they separated February 2, 1992.
On March 5, 1992, she filed a complaint for divorce in Cause Number 34,183 in the chancery court of Rankin County, alleging as grounds irreconcilable differences and habitual cruel and inhuman treatment. On March 16 Ronald filed an answer, and on May 4 a counterclaim for divorce on the ground of cruel and inhuman treatment. Following reference of the matter of temporary custody to a family master, a temporary order was entered May 19 giving the couple joint custody, but physical custody with Judy except on weekends and Tuesday and Wednesday nights.
On August 28 the chancellor signed an order allowing Ronald to withdraw his counterclaim for divorce, but for some reason it was not filed until October 12.
On October 7 Ronald filed a "Complaint for Separate Maintenance" calling himself the "Defendant/Counter-Plaintiff" and Judy the "Plaintiff/Counter-Defendant."
Following a hearing on October 8, the chancellor entered an order styled "Order Dismissing Complaint and Counter-Complaint on Grounds of Habitual Cruel and *470 Inhuman Treatment." (Underscoring interlined by chancellor's handwriting.) The order recited:
This day this cause came on to be heard on the Plaintiff's Complaint for Divorce, the defendant having moved and having been permitted to withdraw his counter-complaint, and the Court having heard testimony thereon and argument of counsel, and finding that it has jurisdiction of the parties and of the subject matter, further finds that the following judgment should be entered:
IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's counter-complaint and Plaintiff's Complaint for Divorce be and is hereby dismissed with Court costs to be assessed against the Plaintiff.

IT IS SO ORDERED ON THIS THE 8TH DAY OF OCTOBER, 1992. (Underscoring interlined by chancellor's handwriting.)[1]
As can be seen, no provision was made for child custody.
On October 26 Ronald filed a motion for the court to reconsider its final order dismissing the complaint, alleging that the parties were unable to agree on custody and Judy had secreted Lacy. The motion moved also for the court to hear the matter November 9. The motion was silent as to what law or court rule upon which it was based. On November 5 Judy responded that the court lacked jurisdiction, contending the motion was not being made pursuant to Rule 59 Mississippi Rules of Civil Procedure (M.R.C.P.).
On December 8 Ronald filed an amended motion to reconsider the final order of dismissal, this time asking for attorney's fees, and also asking that the motion be set for hearing on November 9, an impossibility. This motion was served on Judy's attorney December 8.
A hearing was held before the chancellor December 10, at which time counsel for both Ronald and Judy appeared. Judy's attorney contended that the court lacked jurisdiction under Rule 60(b) M.R.C.P. Ronald testified that Judy had secreted the child, had quit her job and moved, and he could not find either her or the child. He had inquired of her parents where she and the child were without success.
Following the hearing the chancellor ruled that he had jurisdiction to reopen the custody matter under Rules 60(b)(1) and (6) in view of Judy's secreting the child, which he considered a type of fraud. He then ruled that they have joint custody with Judy having physical custody, and further provided for visitation schedules, and child support payments by Ronald. No written order was ever entered following the chancellor's ruling from the bench.
On December 22 Ronald filed an "Emergency Motion to Find Plaintiff in Contempt of a Temporary Order Issued December 10, 1992." The motion alleged Judy was secreting the child.
On December 22 the court issued a "Temporary Order Upon Reconsideration of Final Order Dismissing Complaint and Temporary Order." The court first found the motion was timely filed under Rules 60(b)(1) and (6). The court then ordered that only that part of the October 8, 1992, judgment dismissing "custody and visitations provisions" be reconsidered, thus leaving intact the portion dismissing the divorce actions. The court then found that joint custody should be awarded the parties with Judy having physical custody and Ronald having specified visitation dates.
On December 23 Ronald filed an "Amended Motion to Find Plaintiff in Contempt of a Temporary Order Issued December 10, 1992." This motion was served on Judy's counsel December 23. The court found Judy in contempt of the December 10 order in failing to give her address, and directed that process be issued on her parents.
*471 Judy filed her notice of appeal and costs of appeal on January 8, 1993. The appeal was based on the denial of a divorce to her, and also error in hearing the motion to reconsider.

CAUSE NO. 93-CA-00901

(Cause No. 35-275 in lower court)
On November 9, 1992, Ronald filed an original complaint for divorce against Judy in cause Number 35-275 in the Rankin County Chancery Court on the ground of habitual cruel and inhuman treatment, basing it upon Judy's secreting Lacy on September 25 and Ronald being unable to locate either her or the child. Process by publication was had upon Judy.
On December 11 Judy filed a motion to dismiss and alternatively an answer on the merits. In the motion to dismiss, Judy contended that under Rule 13 M.R.C.P. Ronald had a compulsory counterclaim upon which he had not acted, but which was withdrawn and dismissed.
At the divorce hearing June 24, 1993, the chancellor overruled the motion to dismiss because the ground for divorce was based upon conduct subsequent to the first trial. Judy did not appear at the hearing, but her attorney did, and contested the action.
Following the hearing the chancellor granted Ronald a divorce and custody of Lacy, with specified visitation times for Judy. An amended order was entered by the chancellor on July 9, 1993, providing that the matters pertaining to custody would be reconsidered upon the location of the child, and directing both parents to appear at such hearing.
Judy has appealed.

LAW
Whether raised by the parties or not, this Court is required to note its own lack of jurisdiction. Common Cause of Mississippi v. Smith, 548 So.2d 412, 414 (Miss. 1989); Cotton v. Veterans Cab Co., Inc., 344 So.2d 730, 731 (Miss. 1977); Byrd v. Sinclair Oil & Refining Co., 240 So.2d 623 (Miss. 1970). Because Ronald's motion to re-open this case was under Rule 60 M.R.C.P. rather than Rule 59, it did not toll Judy's time to file her notice of appeal. Bruce v. Bruce, 587 So.2d 898, 903 (Miss. 1991). Therefore Judy's notice of appeal filed January 8, 1993, from the October 8, 1992, judgment was not timely. Rule 4, Miss.Sup.Ct.R. We do not have jurisdiction, therefore, to address Judy's assignment of error that the chancellor erred in dismissing her complaint for divorce.
The pertinent portions of Rules 59 and 60, M.R.C.P., and Rule 4 Miss.Sup.Ct.R. are attached as an appendices A and B respectively.
Moreover, the chancellor never re-opened the case insofar as the dismissal of the divorce was concerned, but only as it pertained to child custody, and then he only entered a temporary order, and thereafter an order finding Judy in contempt for failure to abide by the temporary order. We are likewise without jurisdiction to hear an appeal from the temporary order, dealing solely with temporary custody of Lacy because it was not final. Miss. Code Ann. § 11-51-3 (Supp. 1993). See also Banks v. Banks, 511 So.2d 933, 935 (Miss. 1987); Sanford v. Board of Supervisors, Covington County, 421 So.2d 488, 490 (Miss. 1982); Cotton v. Veterans Cab Co., Inc., 344 So.2d at 731.[2]
We do find, however, that the chancellor was manifestly in error in finding Judy in contempt of the temporary order because she had not been given proper or timely notice prior to the December 22, 1992, hearing.
The December 23, 1992, judgment against Judy finding her in contempt being null and void, it is reversed and Judy discharged.
There being no valid appeal from the October 8, 1992, judgment dismissing Judy's claim for divorce, it follows that the chancery court did have jurisdiction of the subsequent complaint for divorce filed November 9, 1992, by Ronald based upon Judy's conduct subsequent to October 8, 1992.
*472 The chancellor found in the June 24, 1993, divorce hearing that Judy's taking the child and secreting her for over 270 days constituted habitual cruel and inhuman treatment as envisioned by the statute. This clearly was not manifestly wrong. Blount v. Blount, 231 Miss. 398, 95 So.2d 545 (1957). Judy's conduct in taking the child without explanation or excuse and secreting her, her whereabouts still unknown at the June 24, 1993, hearing, constituted a sufficient factual basis for the court to award Ronald a divorce based upon habitual cruel and inhuman treatment under the statute.
AS TO CAUSE NO. 93-CA-00094: REVERSED AND RENDERED ON CONTEMPT CHARGE; ALL OTHER ISSUES ON APPEAL DISMISSED. AS TO CAUSE NO. 93-CA-00901: AFFIRMED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
McRAE, J., concurs in part and dissents in part with separate written opinion.
SMITH, J., not participating.

APPENDIX A
RULE 59. NEW TRIALS; AMENDMENT OF JUDGMENTS
... .
(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment.
RULE 60. RELIEF FROM JUDGMENT OR ORDER
... .
Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
... .
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) no more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. Leave to make the motion need not be obtained from the appellate court unless the record has been transmitted to the appellate court and the action remains pending therein. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.
Mississippi Rules of Civil Procedure

APPENDIX B
RULE 4. APPEAL AS OF RIGHT  WHEN TAKEN
(a) Appeals and Cross-Appeals in Civil and Criminal Cases. In a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to this Court the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from. If a notice of appeal is mistakenly filed in this Court, the clerk of this Court shall note on it the date on which it was received and transmit it to the clerk of the trial court and it shall be deemed filed in the trial court on the date so noted.
... .
(b) Post-trial Motions in Civil Cases. If a timely motion under the Mississippi Rules of Civil procedure is filed in the trial court by any part: ... or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.
Mississippi Supreme Court Rules
*473 McRAE, Justice, concurring in part/dissenting in part:
For the reasons I set forth in Smith v. Smith, No. 92-CA-01163, ___ So.2d ___ [1994 WL 707268] (Miss. 1994), I respectfully dissent to what the majority author refers to as Cause No. 34-183 from the Rankin County Chancery Court, which on appeal is styled as Cause No. 93-CA-00094. There are two consolidated cases for our review involving the same litigants, the other being Cause No. 93-CA-0091. However, the cases are separate and distinct when it comes to whether the Court has jurisdiction to decide the issues presented in each case.
Under our Supreme Court Rule 4, when a party does not timely file a notice of appeal, this Court is without jurisdiction. Duncan v. St. Romain, 569 So.2d 687, 688 (Miss. 1990). Naturally, when this Court is without jurisdiction, it has no power to decide issues. Rule 4 specifically requires notice of appeal to be filed "within 30 days." See Sup.Ct. Rule 4. There is no fudging on this rule. See Ivy v. General Motors Acceptance Corp., 612 So.2d 1108, 1116 (Miss. 1992); and Bank of Edwards v. Cassity Auto Sales, 599 So.2d 579, 582 (Miss. 1992).
The majority in this case thrice concedes that it has no jurisdiction. The first concession openly states that the Court is without jurisdiction pursuant to Rule 4 and case law analysis of the rule. The second concession states the chancellor never reopened the case on the issue of divorce, therefore leaving Judy Michael with no claim upon which to perfect her appeal. The third concession states that Miss. Code Ann. § 11-51-3 permits this Court to entertain questions on appeal which are from a final judgment. Since the lower court issued only a temporary order regarding child custody, then this Court is left without jurisdiction due to lack of a final judgment.
It is at this point in the majority's opinion that I disagree. Even though we have no jurisdiction, the majority determines that the chancellor was "manifestly in error in finding Judy Michael in contempt of the temporary order." The majority has no power to find Judy's contempt order to be null and void; hence, reversing the contempt order and discharging her was erroneous. I, therefore, dissent on this issue.
However, the majority correctly recognizes that this Court has jurisdiction over what it terms as Cause No. 35-275 (which is actually Cause No. 93-CA-00901) consolidated with the first action on appeal. Ronald Michael filed for a divorce on November 9, 1992, based on Judy's conduct subsequent to October 8, 1992. The chancellor granted his divorce on June 24, 1993. Since the appeal was filed January 8, 1993, there is no notice problem, and the chancellor was within his discretion in granting the divorce based upon the facts presented to the lower court. I, therefore, concur in this portion of the opinion.
NOTES
[1] The dismissal order is ambiguous as to whether it refers to the counterclaim for divorce or counterclaim for separate maintenance. If the former, it is superfluous in that an order had already been signed by the chancellor August 28. It is manifestly a final order, with costs being assessed against one of the parties.
[2] By way of dicta we note the chancellor had jurisdiction to consider temporary custody under the clear provisions of Miss.Code.Ann. § 93-23-5.