ON WRIT OF CERTIORARI

SMITH, Chief Justice,
for the Court.
¶ 1. This case is before the Court on the issues of child custody and contempt. Howard Clayborne McDonald, Jr. argued that the special chancellor presiding in this case erred in changing custody of his two youngest children from him to.his ex-wife, and in holding him in contempt. The Court of Appeals affirmed the judgment of the special chancellor. McDonald v. McDonald, 850 So.2d 1182 (Miss.Ct.App.2002). We granted certiorari and after due consideration, we affirm the Court of Appeals and the chancellor.
FACTS
¶ 2. When Howard McDonald was granted a divorce from Rosemary Sheffield McDonald in April of 1998, the Lee County Chancery Court awarded him custody of their two younger daughters, and Rose *297 mary received custody of their oldest daughter. Both parents were granted reasonable visitation, but the chancery court order prohibited visitation in the presence of anyone with whom Rosemary was having an affair. Five months later, Rosemary filed for modification of the final decree, stating that Howard had violated the court’s visitation order. Due to the recusal of all three of the Lee County chancellors, Special Chancellor William L. Griffin, Jr., was appointed to preside at the hearing on this matter, and he modified the divorce decree to establish more specific terms for visitation. His order, entered April 14, 1999, was to be temporary[1] , and from that order Howard filed his first appeal, in case no. 1999-CA-848.
¶ 3. In May 1999 Rosemary filed a motion for contempt against Howard, saying that he had once again interfered with her visitation rights. After a hearing Howard was found in contempt, ordered to pay $1500 in attorney fees, and also ordered to immediately turn over the two younger daughters to Rosemary for extended visitation with her until August 1999. The special chancellor also scheduled a hearing at the end of the visitation period, to review the visitation/custody status. Aggrieved, Howard filed his second appeal, in case no. 1999-CA-1259.
¶ 4. In July 1999, Howard McDonald filed a suit in federal district court against the special chancellor and others.[2] That suit notwithstanding, the chancery hearing proceeded on August 3, 1999, and the special chancellor entered an order granting temporary custody of the children to Rosemary, ordering Howard to pay child support, and setting a visitation schedule. Howard then filed his third appeal, no. 1999-CA-1384. The appeals were consolidated and assigned to the Court of Appeals. The Court of Appeals affirmed, finding that the special chancellor had proper legal authority to act in this case; that an order to which Howard agreed during a hearing was properly entered, even if he subsequently refused to sign the order; that the chancery clerk and the chancery court had properly computed the appeal costs; that the finding of contempt against Howard was justified by the evidence; and that there was no error in changing custody of the children temporarily by order of August 11, 1999.
¶ 5. Aggrieved, Howard McDonald petitioned for certiorari in propria persona and this Court granted certiorari.
¶ 6. After thorough review and consideration, we affirm the Court of Appeals in all respects.
ANALYSIS
¶ 7. The following language appears in the special chancellor’s decision:
The Court, upon receipt of the D.H.S. report and on the motion of either party, may schedule a hearing for the limited purpose of addressing any custody issues which might be raised by the D.H.S. report and which are contrary to today’s temporary order. If the D.H.S. report and its recommendations are consistent with today’s temporary order, then no hearing will be scheduled.
The chancellor also stated in the decision that “[t]he [c]ourt, therefore, makes the *298 following temporary ruling with regard to child support, visitation and the custody of those minor children ...” The chancellor’s intention was clearly to determine custody temporarily until he could resume the proceedings with a full hearing on the merits pertaining to permanent custody of the children and other matters that are still before the court. Therefore, we do not have jurisdiction to hear the appeal. The following is a more complete excerpt supporting this interpretation:
This Court is of the opinion that pending a resolution of the United States District Court action with regard to William L. Griffin, Junior, all matters now pending before the Court in this cause should be held in abeyance.
It is the ruling of this Court that out of an abundance of caution and pending a resolution with regard to William L. Griffin, Junior, of that United States District Court action heretofore filed by Howard Clayborne McDonald, Junior, all matters pending before the Court will be held in abeyance.
There will be no hearing today; however, there are two children before the Court whose future custody and support must be, at least, temporarily addressed pending the resolution of the United States District Court action.
The following sentence from the chancellor’s opinion is crucial: “The Court, upon receipt of the D.H.S. report and on the motion of either party, may schedule a hearing for the limited purpose of addressing any custody issues which might be raised by the D.H.S. report and which are contrary to today’s temporary order.” (emphasis added). The chancellor then continued with “If the D.H.S. report and its recommendations are consistent with today’s temporary order, then no hearing will be scheduled.” We find that the “hearing” referred to in the second sentence refers to the type of “hearing” discussed in the first sentence. The chancellor’s statements here do not overrule his earlier statement that the proceedings, including a full hearing on the merits with regard to permanent custody will be held when the federal district court matter has been resolved.
¶ 8. The Court of Appeals was correct in its assertion that “[t]he order invited further motions to address custody and support issues. The impediment of the then-pending federal suit against the special chancellor has been removed. We find nothing to review about this explicitly temporary order entered three years ago. Michael v. Michael, 650 So.2d 469, 471 (Miss.1995) (appellate review of temporary orders is improper.)” McDonald v. McDonald, 850 So.2d 1182, 1193 (Miss.Ct.App.2002).
¶ 9. Furthermore, the Court of Appeals also ruled that it found “no procedural irregularity in the hearing on the temporary order.... The special chancellor made appropriate findings for why he was temporarily changing custody, including Howard McDonald’s interference with his former wife’s visitation with the children who were in his custody.” Id.
¶ 10. The evidence in the record supports the contention that the change of custody was intended to be temporary until the trial court could hold a full hearing on the merits after the litigation pending in federal district court was over. For this reason, the order was not final and permanent, and this Court does not have jurisdiction to review the change of custody.
¶ 11. We have carefully considered the remaining assignments of error and find that they are without merit. We affirm the judgments of the Court of Appeals and the trial court.
¶ 12. AFFIRMED.
*299 WALLER, P.J., CARLSON, GRAVES AND RANDOLPH, JJ., CONCUR. COBB, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY AND DICKINSON, JJ. DIAZ, J„ NOT PARTICIPATING.

. Chancellor Griffin explained that the entry of a final order would end his appointment as special judge, thus it would be a temporary order, to become permanent in six months if no problems arose.

. The federal suit was dismissed as frivolous. McDonald v. Griffin, 1:99CV226-D-D, 1999 WL 33537119 (N.D.Miss. Oct.4, 1999), aff'd, 228 F.3d 409 (5th Cir.2000) (table), cert. den., 531 U.S. 1150, 121 S.Ct. 1093, 148 L.Ed.2d 966 (2001).