¶ 1. La'Kimberly Dudley appeals the Lowndes County Chancery Court's grant of custody to her child's father, Metyor Harris. Finding that we lack jurisdiction, we dismiss this appeal.
 ANALYSIS AND DISCUSSION OF THE ISSUE ¶ 2. Final judgment in this case was entered on September 8, 2006. According to Rule 4(a) of the Mississippi Rules of Appellate Procedure, Dudley had thirty days to file her notice of appeal. The thirtieth day was October 8, 2006, which was a Sunday. Thus, Dudley had until Monday, October 9, to file her notice of appeal. M.R.A.P. 26. However, the notice was not filed until October 10, 2006.[1]
 ¶ 3. Although Dudley's certificate of service indicates that she signed her notice of appeal on October 6, the notice was not filed until October 10. Rule 4(a) specifically states that it is the date of the filing with the trial court clerk that is controlling: "the notice of appeal . . . shall befiled with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Regardless of what date Dudley signed her notice of appeal, it was not filed with the clerk of the supreme court clerk until October 10.[2] *Page 693 
 ¶ 4. Harris has not raised the untimeliness of Dudley's appeal as an issue. Regardless, Dudley's failure to file a timely appeal bars our consideration of her appeal, as we lack jurisdiction to hear an untimely appeal. Michael v.Michael, 650 So.2d 469, 471 (Miss. 1995); see alsoSmith v. Parkerson Lumber, Inc., 890 So.2d 832, 834-35
(¶¶ 12-14) (Miss. 2003). "Whether raised by the parties or not, [an appellate court] is required to note its own lack of jurisdiction." Michael, 650 So.2d at 471 (citingCommon Cause of Miss. v. Smith, 548 So.2d 412, 414
(Miss. 1989); Cotton v. Veterans Cab Co., Inc.,344 So.2d 730, 731 (Miss. 1977); Byrd v. Sinclair Oil Refining Co., 240 So.2d 623 (Miss. 1970)).
 ¶ 5. Rule 2(a)(1) of the Mississippi Rules of Appellate Procedure states that dismissal is mandatory "if the notice of appeal was not timely filed pursuant to Rules 4 or 5 [of the Mississippi Rules of Appellate Procedure]." We may suspend this mandatory dismissal in criminal cases, but Rule 2(c) specifically states that "in civil cases the time for taking an appeal as provided in Rules 4 or 5 may not be extended." Therefore, we dismiss this appeal for lack of jurisdiction.
 ¶ 6. THIS APPEAL IS DISMISSED FOR LACK OF APPELLATEJURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THEAPPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
[1] The record reveals that the notice of appeal was filed with the clerk of the Mississippi Supreme Court instead of with the clerk of the trial court, as required by Rule 4(a).
[2] We note that if Dudley had filed a timely notice of appeal with the clerk of the supreme court, such filing would have constituted timely filing with the clerk of the trial court. M.R.A.P. 4(a).