956 So.2d 1050 (2007)
Sylvia A. WALTERS, Appellant
v.
Morris Moore WALTERS, Appellee.
No. 2005-CP-01731-COA.
Court of Appeals of Mississippi.
April 17, 2007.
*1051 Sylvia A. Walters, Appellant, pro se.
Michael Duane Mitchell, attorneys for appellee.
Before MYERS, P.J., CHANDLER and ROBERTS, JJ.
CHANDLER, J., for the Court.
¶ 1. The wife whose husband was awarded a divorce on the basis of desertion is appealing the judgment. This Court lacks jurisdiction over this appeal because the chancellor's entry of judgment as to fewer than all of the claims before the court did not comply with the requirements of Mississippi Rule of Civil Procedure 54(b). Therefore, we dismiss this appeal.

FACTS AND PROCEDURAL HISTORY
¶ 2. A full recitation of the facts is not necessary as we find that we lack jurisdiction. However, a brief synopsis is in order to understand how we came to this point. The appeal involves the disintegration of the short, tumultuous marriage between Sylvia A. Walters and Morris Moore Walters. The Walters were married on May 11, 2000. Each had been married before and had children from the earlier marriages. They had no children together. Each party made various accusations against the other and Morris subsequently left the marital home on August 28, 2001. After that date, the parties did not continuously *1052 live together as husband and wife but Morris regularly stayed with Sylvia in the marital home and the parties maintained a physical and emotional relationship. On June 2, 2003, Sylvia insisted that Morris return to the home, whereupon Morris removed his belongings from the marital home and did not return.
¶ 3. On June 25, 2003, Morris filed for a divorce. Morris worked as a justice court clerk of Jones County and had an employment history in Jones County law enforcement. Chancellor Frank McKenzie recused himself and Chancellor Jerry Mason was appointed to hear the case. After a two-day trial, Chancellor Mason found in an order entered August 20, 2004, that Morris had failed to prove habitual cruel and inhuman treatment, his single ground for divorce. A twenty-one-page memorandum opinion accompanied the judgment.
¶ 4. On September 1, 2004, Sylvia filed a complaint for separate maintenance. Morris filed an answer and cross-complaint for divorce asserting the ground of desertion. Once again a special chancellor, Chancellor Larry Buffington, was appointed to hear the case. A trial was held on January 18, 2005, in which eleven witnesses testified. Sylvia represented herself as she has done throughout the litigation while Morris had retained counsel.
¶ 5. On July 7, 2005, the court entered a document styled, "Final Judgment of Divorce." In this judgment, Chancellor Buffington found that Morris had proven constructive desertion and awarded Morris a divorce absolute from Sylvia. The last sentence of the order stated, "This divorce shall not be final until such time as the Court has had a hearing to make an equitable distribution of the property of the parties." Sylvia then filed a motion for relief from judgment, or in the alternative, a new trial.
¶ 6. On August 25, 2005, the chancellor heard Sylvia's motion. After argument, the judge overruled the motion. It is at this point when things went awry as shown from the following record excerpts.
JUDGE BUFFINGTON: Now having said that, we need to set a trial date for the division of the marital property so that
MS. WALTERS: I'm going to do a Notice of Appeal, Your Honor.
JUDGE BUFFINGTON: I understand that, but until such time as said in the order, if you'll read it, a divorce is not final until such time as I have divided up the marital property so that you can go up one time on everything. And so thereforeand I say that. I may be wrong in that. In irreconcilable differences that may be the statute. I will actually let you go ahead and appeal.
MS. WALTERS: I'm going to, Your Honor.
JUDGE BUFFINGTON: You can file your Notice within 10 days. I'll make this a Rule 54 final judgment as to the divorce and if this Court is mistaken the Supreme Court can reverse me and if not at the time it comes back down we can divide up the marital property then. I don't think there was a whole bunch you were arguing over to begin with anyway. So your motion has been overruled. You, of course, will have the statutory time within which to file your Notice of Appeal and pay for costs and notify the court reporters of those things.
MS. WALTERS: On my motion for sanctionsI'll let it go. I'll withdraw it.
JUDGE BUFFINGTON: If you'll prepare an order, Ms. Pacific [attorney for Morris] and send it to her and I will sign it so her appeal process can get started.
*1053 Then the hearing ended. The same day, Sylvia filed her notice of appeal from the July 7, 2005 judgment. That appeal is now before this Court.
¶ 7. During the pendency of the appeal, on November 30, 2005, the court entered a "Final Judgment of Divorce," granting Morris a divorce from Sylvia on the ground of constructive desertion. The judgment stated that
this court during a hearing and at the conclusion thereof was inclined not to issue a final judgment of divorce until such time as the property had been divided, however, after having been informed by Sylvia A. Walters that she wished to appeal the finding of the granting of the divorce, and in order to allow her to perfect her appeal on those grounds, the court allowed for a final judgment of divorce to be entered so that Sylvia A. Walters could perfect her appeal.
The judgment further stated that, "upon completion of the appeal, and pending the outcome of said appeal to the Appellate Court of the State of Mississippi, this court shall conduct a hearing as to the distribution of marital property."

LAW AND ANALYSIS
¶ 8. Though the issue has not been raised by the parties, this Court is required to note its own lack of jurisdiction. Michael v. Michael, 650 So.2d 469, 471 (Miss.1995). "Generally, only final judgments are appealable." M.W.F. v. D.D.F., 926 So.2d 897, 899(¶ 4) (Miss.2006). A final, appealable, judgment is one that "adjudicat[es] the merits of the controversy which settles all issues as to all the parties" and requires no further action by the lower court. Banks v. City Finance Co., 825 So.2d 642, 645(¶ 9) (Miss.2002). There are many reasons for this rule.
The final judgment rule minimizes appellate court interference with trial court proceedings, reduces the ability of a litigant to wear down an opponent with a succession of time-consuming appeals, . . . and enables the appellate court to view the case as a whole and avoid questions which may be mooted by the shifting fortunes of trial combat.
Nygaard v. Getty Oil Co., 877 So.2d 559, 561(¶ 11) (Miss.Ct.App.2004) (quoting Luther T. Munford, Mississippi Appellate Practice § 6.1 (2001)).
¶ 9. A judgment granting a fault-based divorce is a non-final order if issues attendant to the fault-based divorce, such as property division, remain before the lower court. M.W.F., 926 So.2d at 899(¶ 4); Scally v. Scally, 802 So.2d 128, 130(¶ 10) (Miss.Ct.App.2001). When the July 7, 2004 judgment of divorce was entered, the issue of property division remained before the chancery court. Therefore, the July 7, 2004 judgment was not a final judgment from which an appeal could be taken. M.R.C.P. 58.
¶ 10. An exception to the final judgment rule is found in Rule 54(b) of Mississippi Rules of Civil Procedure, which allows the trial court to expressly direct the entry of final judgment as to fewer than all of the claims or parties in an action. Rule 54(b) states:
Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the *1054 absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
A Rule 54(b) judgment is not an interlocutory order, but is a final judgment. Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 899 (Miss.1987).
¶ 11. At the hearing on Sylvia's post-trial motion, the chancellor announced his intention to allow Sylvia to appeal from the judgment of divorce pursuant to Rule 54(b) and directed that Morris's counsel prepare an order to that effect for the chancellor's signature. Apparently, that order was the one entered on November 30, 2005, and styled "Final Judgment of Divorce." As we have held, the July 7, 2005 judgment from which Sylvia took an appeal was a non-final order. We reach the question of whether Sylvia could perfect an appeal from the chancellor's Rule 54(b) judgment entered during the pendency of her appeal from the non-final judgment. Pursuant to Mississippi Rule of Appellate Procedure 4(b), "[a] notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order is treated as filed after such entry and on the day of the entry." This Court considers the November 30, 2005 judgment though it was entered during the pendency of Sylvia's appeal from the non-final judgment of July 7, 2005. M.R.A.P. 4(b).
¶ 12. Like the July 7, 2005 judgment, the November 30, 2005 judgment adjudicated fewer than all of the claims before the court. Therefore, the November 30, 2005 judgment functioned as a final judgment from which a Rule 54(b) appeal could be taken only if the court complied with the requirements of Rule 54(b). M.R.C.P. 54(b). For a judgment adjudicating fewer than all of the claims to be made final and appealable under Rule 54(b), the trial court must make an expressed direction for the entry of final judgment and an expressed determination that there is no just reason for delay. In this case, the chancellor expressly directed the entry of a final judgment, satisfying the first requirement. However, the chancellor never determined that there was no just reason for delay. Because the chancellor failed to make the requisite determination that there was no just reason for delay pursuant to Rule 54(b), the November 30, 2005 judgment was not a final, appealable order. M.R.C.P. 54(b); M.W.F., 926 So.2d at 900(¶ 5). The November 30, 2005 order was interlocutory and Sylvia did not seek permission for an interlocutory appeal. M.W.F., 926 So.2d at 900(¶ 5).
¶ 13. In closing, we note the supreme court's admonition that the trial court's authority to enter a Rule 54(b) judgment should be exercised with caution in the interest of sound judicial administration to preserve the judicial policy against piecemeal appeals. Cox, 512 So.2d at 900. "It is incumbent on trial judges and attorneys to recognize that Rule 54(b) judgments must be reserved for rare and special occasions." Id. If there is nothing about a case that merits a Rule 54(b) judgment, this Court will dismiss the appeal despite a trial court's mechanical use of the "no just reason for delay" language. Id. at 900-01.
¶ 14. Lacking jurisdiction, we dismiss this appeal.
¶ 15. THE APPEAL FROM THE JULY 7, 2005 JUDGMENT OF THE CHANCERY COURT OF JONES *1055 COUNTY IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.