987 So.2d 1041 (2008)
William JENNINGS, Jr., Appellant
v.
Rudolph L. McCELLEIS, Appellee.
No. 2007-CA-00404-COA.
Court of Appeals of Mississippi.
April 29, 2008.
Rehearing Denied August 5, 2008.
*1042 Bill Waller, attorney for appellant.
William M. Dalehite, Jackson, James Seth McCoy, Hattiesburg, attorneys for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. On August 3, 2004, William Jennings, Jr. and Rudolph McCelleis were involved in an automobile accident in Jackson, Mississippi. Jennings subsequently filed a complaint against McCelleis for negligence and against his insurer, State Farm Automobile Insurance Company (State Farm), for bad faith. Both Jennings and McCelleis were insured by State Farm.
¶ 2. In his answer to the complaint, McCelleis requested that the cases be severed for trial because it would be prejudicial to have State Farm sitting as a co-defendant with McCelleis. The trial judge subsequently entered an order severing the cases for trial purposes only, and both cases proceeded under the same style and cause number.
¶ 3. At the conclusion of the trial dealing with the negligence claim between Jennings and McCelleis, the jury returned a verdict for Jennings and awarded damages of $5,000. Jennings subsequently moved for an additur to the damage award or, alternatively, a new trial. The trial court denied the motion, and it is from that ruling that Jennings now appeals. In response, McCelleis asserts that this matter is not ripe for appeal because a final judgment has not been rendered.

DISCUSSION
¶ 4. McCelleis argues that this case is currently unripe for appeal because a final judgment has not been rendered by the trial court. In most cases, "only final judgments are appealable." M.W.F. v. D.D.F., 926 So.2d 897, 899(¶ 4) (Miss.2006). "A final, appealable, judgment is one that `adjudicates the merits of the controversy and settles all the issues as to all the parties' and requires no further action by the lower court." Walters v. Walters, 956 So.2d 1050, 1053(¶ 8) (Miss.Ct.App.2007) (citing Banks v. City Fin. Co., 825 So.2d 642, 645(¶ 9) (Miss.2002)). The current case would seem to fail to meet the test given above, as Jennings's claim against State Farm is still proceeding in the trial court under the same style and cause number, having been severed only for the purposes of trial.
¶ 5. However, Mississippi Rule of Civil Procedure 54(b) provides an exception to the final judgment rule. Rule 54(b) allows a trial court to enter a judgment that is considered final but adjudicates less than all the claims between all the parties in a particular piece of litigation. The rule states that:
[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the *1043 entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
M.R.C.P. 54(b). An order entered pursuant to Rule 54(b) is considered final for the purposes of appeal and not interlocutory. Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 899 (Miss.1987).
¶ 6. However, in order for Rule 54(b) to take effect, the trial court must enter its final judgment order in a "definite, unmistakable manner." M.R.C.P. 54(b) cmts. Furthermore, "[a]bsent a certification under Rule 54(b), any order in a multiple party or multiple claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory." Id. The Mississippi Supreme Court has defined Rule 54(b) certification to mean that "a final judgment is certified and released for appeal in the sound discretion of the trial judge `upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.'" Indiana Lumbermen's Mut. Ins. Co. v. Curtis Mathes Mfg. Co., 456 So.2d 750, 753 (Miss.1984) (quoting M.R.C.P. 54(b)).
¶ 7. In this case, although the judgment order entered was titled "final judgment," the requirements of Rule 54(b) have clearly not been met. The order gives no indication that it is meant to be a final, appealable judgment with respect to Jennings and McCelleis to the exclusion of Jennings's cause of action against State Farm, which continues under the same styling and cause number. The trial court made no express determination that there was no just reason for delay, as required by the rule, nor did it expressly direct that a final judgment be entered pursuant to Rule 54(b). Accordingly, the current appeal must be considered interlocutory and therefore not ripe for consideration by this Court.
¶ 8. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ROBERTS AND CARLTON, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.