IRVING, J.,
 

 for the Court.
 

 ¶ 1. Margie Edna Galloway Mallett Wilson appeals the DeSoto County Chancery Court’s entry of an agreed order reached by Wilson and her former husband, Byron Keith Mallett, regarding custody and child support for their minor child, Byron Keith Mallett Jr. Finding that we lack jurisdiction, we dismiss this appeal.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 2. An agreed order was entered in this case on July 2, 2008. Shortly thereafter, on July 7, 2008, Wilson filed a motion to set aside the judgment pursuant to Rule 59 of the Mississippi Rules of Civil Procedure. Then, the following day, Wil
 
 *670
 
 son filed a motion for an emergency hearing; however, before the chancellor could rule on Wilson’s motions, she filed a notice of appeal in the DeSoto County Chancery Court.
 

 ¶ 3. It is well settled that:
 

 If any party files a timely motion of a type specified immediately below[,] the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion ... under Rule 59 to alter or amend the judgment ... or ... for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.
 

 M.R.A.P. 4(d). Accordingly, because Wilson filed a motion to set aside the agreed order, it was no longer a final judgment.
 

 ¶ 4. We note that Mallett did not raise the issue of lack of jurisdiction. Nevertheless, the law is clear in this state that “[wjhether raised by the parties or not, this Court is required to note its own lack of jurisdiction.”
 
 Michael v. Michael,
 
 650 So.2d 469, 471 (Miss.1995) (citing
 
 Common Cause of Miss. v. Smith,
 
 548 So.2d 412, 414 (Miss.1989)).
 

 f 5. We conclude that Wilson’s appeal was premature and is dismissed for lack of appellate jurisdiction.
 

 ¶ 6. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.