IRVING, J.,
 

 for the Court.
 

 ¶ 1. The Adams County Chancery Court granted Eric R. Beamer and Fannie M. Beamer an irreconcilable differences divorce and awarded physical custody of their minor child, Quintarius E. Beamer, to Fannie. The court also ordered Eric to pay child support, a decision from which he now appeals. Finding that we lack jurisdiction, we dismiss his appeal.
 

 
 *431
 
 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 2. On July 29, 2008, the chancellor entered a judgment wherein he granted the parties a divorce, divided the marital estate, awarded custody of the minor child, and ordered Eric to pay child support. Thereafter, on August 4, 2008, Fannie filed a motion for reconsideration pursuant to Rules 59(e) and 60(b)(6) of the Mississippi Rules of Civil Procedure. Our review of the record reveals that the chancellor never ruled on this motion. Nevertheless, on August 8, 2008, Eric filed a notice of appeal in the chancery court.
 

 ¶ 3. Rule 4(d) of the Mississippi Rules of Appellate Procedure provides, in part, that:
 

 If any party files a timely motion of a type specified immediately below[,] the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Mississippi Rules of Civil Procedure ... under Rule 59 to alter or amend the judgment; ... or ... for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.
 

 Therefore, because the chancellor did not rule on Fannie’s motion before Eric filed his notice of appeal, Eric’s action was premature, as there was no final judgment from which he could appeal. Fannie did not raise the jurisdictional issue. However, it is entirely proper that this Court satisfy itself regarding its jurisdiction or lack thereof, whether the matter is raised by the parties or not.
 
 See Michael v. Michael,
 
 650 So.2d 469, 471 (Miss.1995) citing
 
 Common Cause of Miss. v. Smith,
 
 548 So.2d 412, 414 (Miss.1989).
 

 ¶ 4. Finding Eric’s appeal premature, we dismiss for lack of appellate jurisdiction.
 

 ¶ 5. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.