KING, C.J.,
for the Court:
¶ 1. The Mississippi Workers’ Compensation Commission (Commission) ordered Britton & Koontz Bank (Employer) and its workers’ compensation carrier, AmFed National Insurance Company (Carrier), to pay Florence Townsend (Claimant) a lump-sum award of $90,891.47 and interest in the amount of $3,882.15. The Employer/Carrier refused to pay the interest, and the Claimant filed a motion with the Commission seeking to compel payment. The Commission ordered the payment of interest, and the Employer/Carrier appealed to the Adams County Circuit Court. The circuit court affirmed the award of interest, and the Employer/Carrier appeals raising the following issues: (1) whether the Commission has authority to assess the Employer/Carrier with interest and (2) if so, whether the Commission erred in assessing interest to the Employer/Carrier in this matter without an award constituting a final judgment.
¶ 2. Finding the Employer/Carrier did not timely appeal, we dismiss this appeal for lack of jurisdiction.
*656 FACTS
¶ 3. On April 29, 2002, the Claimant, while employed as a bank teller, tripped over a bag of nickels and injured her knee and shoulder. As a result of the injuries, the Claimant required medical attention, including surgery.
¶ 4. On November 12, 2003, Dr. Robert Haimson stated that the Claimant was at maximum medical improvement, but she would still need future care. As a result, a functional-capacity evaluation was conducted on December 16-17, 2003, which resulted in permanent impairment ratings of 0% to the left leg and 12% to the right arm. Because of the Claimant’s impairment ratings to the scheduled members, the Employer/Carrier accepted liability and voluntarily made compensation payments until December 3, 2004, when it unilaterally ceased making payments.
¶ 5. Subsequently, the Claimant’s condition further deteriorated, and on August 16, 2006, Dr. Haimson determined that the Claimant would be limited in returning to work because of the constant pain in her knee and shoulder. Following Dr. Haim-son’s determination, the parties agreed to attempt to resolve the liability on a discounted permanent total disability lump-sum settlement.
¶ 6. On June 7, 2007, the Commission directed the Employer/Carrier to make a lump-sum payment to the Claimant representing the total compensation due to the Claimant for permanent total disability. The Claimant was awarded $90,891.47 in award and $3,882.15 in interest. The Commission found that the Claimant was entitled to interest at the legal rate on compensation payments due from December 2004 until the lump-sum settlement was paid.
¶ 7. The Employer/Carrier paid the Claimant $90,891.47, and on August 3, 2007, counsel for the Employer/Carrier mailed a letter informing the Claimant that there would not be another payment for the amount of interest due. Counsel for the Employer/Carrier explained: “Since this case never went to order, it is our position that the imposition of interest is the equivalent to paying interest on a judgment which does not exist in this particular case.” In response, on May 30, 2008, the Claimant filed a motion to compel payment. On June 24, 2008, a notice of final payment was filed with the Commission, showing the total settlement payments to be $90,891.47. On October 23, 2008, the Commission granted the Claimant’s motion to compel payment. On November 21, 2008, the Employer/Carrier appealed the Commission’s decision to the circuit court. The Commission’s decision was affirmed, and the Employer/Carrier appeals.
ANALYSIS
¶ 8. We need address only one issue, the Employer/Carrier’s failure to file timely an appeal of the Commission’s approval of the lump-sum settlement, which provided the Claimant was entitled to compensation for permanent total disability and interest on those compensation payments. “[T]he timely filing of a notice of appeal is jurisdictional.” Miss. Dep’t of Mental Health v. Hall, 936 So.2d 917, 929 (Miss.2006) (internal quotations omitted). This case arises from an order issued by the Commission on June 7, 2007. An order of the Commission will be conclusive and binding unless, within thirty days of the date it is entered, a party files a notice of appeal to the circuit court of the county in which the injury occurred. Miss.Code Ann. § 71-3-51 (Rev.2000). Neither party timely appealed the Commission’s order approving the lump-sum settlement. Instead, the Employer/Carrier merely paid *657 the Claimant $90,891.47 and informed her it would not pay the interest assessed.
¶ 9. Because the issue of whether the assessment of interest was proper or not is not timely raised on appeal, neither the circuit court nor this Court has jurisdiction to consider the merits of this case. Therefore, we must dismiss this appeal for lack of jurisdiction. See Busby v. Anderson, 978 So.2d 637 (Miss.2008); Leake County Coop. v. Barrett’s Dependents, 226 So.2d 608 (Miss.1969); Dudley v. Harris, 979 So.2d 692 (Miss.Ct.App.2007).
¶ 10. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.