GRIFFIS, P. J.,
for the Court:
¶ 1. Rebuild America, Inc. (“Rebuild America”) appeals the grant of summary judgment in favor of Countrywide Home Loans, Inc. (“Countrywide”) and the Bank of New York voiding two property tax sales and setting aside the 2008 conveyance of property to Rebuild America. The chancellor held that the Hancock County Chancery Clerk had failed to provide notice of the two tax sales to the then-owners of the property. Finding that we lack jurisdiction, this appeal is dismissed.
FACTS AND PROCEDURAL HISTORY
¶ 2. A full discussion of the underlying facts is not warranted given our ruling that we lack jurisdiction. However, a brief review is necessary to understand the events in the court below leading to our decision. This appeal arises from the sale of property for unpaid real estate taxes in 2003 and 2004 with respect to real property and improvements located in Bay St. Louis, Mississippi. At the time of the 2003 tax sale, the property was owned by Cindy and Scott Favre (“Favres”). Countrywide asserted an interest in the property by virtue of an April 18, 2003 deed of trust executed by the Favres in favor of Countrywide, which secured a mortgage loan of $380,000.[1]
¶ 3. Wolf Run, LLC purchased the property on August 30, 2004, at a tax sale for unpaid 2003 taxes but never confirmed its tax title. On October 31, 2005, the property was again sold for unpaid 2004 taxes, this time to Wachovia Bank, N.A., as custodian for Sass Muni V, LLC (“Sass Muni”). The home located on the property was heavily damaged by Hurricane Katrina and has remained vacant since that time.
¶ 4. Rebuild America asserted its interest in the property by a quitclaim deed and assignment from U.S. Bank, N.A., as custodian for Sass Muni, dated February 1, 2008. Rebuild America filed suit on April 17, 2008, to confirm its title. On June 20, 2008, Countrywide and the Bank of New York filed their answers to the complaint and contested Rebuild America’s *796 title. On August 29, 2008, Rebuild America filed a motion for summary judgment and asserted that Countrywide and the Bank of New York’s title had been extinguished by the 2003 tax sale, and thus both lacked standing to contest Rebuild America’s title. The chancellor denied Rebuild America’s motion for summary judgment.
¶ 5. On May 29, 2009, as part of a settlement from a separate lawsuit against Countrywide over the unpaid 2003 and 2004 taxes, the Favres conveyed the property to Countrywide by quitclaim deed. On June 18, 2010, Countrywide and the Bank of New York filed their counterclaims against Rebuild America to remove clouds and confirm title.
¶ 6. On July 6, 2010, Countrywide and the Bank of New York jointly filed a motion for summary judgment in an effort to void the 2003 and 2004 tax sales and to set aside the conveyance of the property to Rebuild America. Countrywide and the Bank of New York argued the 2003 and 2004 tax sales did not comply with Mississippi’s statutory scheme for tax sales. On August 26, 2010, the chancellor granted Countrywide and the Bank of New York’s motion for summary judgment and ruled the Hancock County Chancery Clerk had failed to provide statutory notice of the two tax sales to the Favres.
¶7. On September 13, 2010, Countrywide and the Bank of New York filed a motion for entry of a final judgment to confirm title and to dismiss the case against all defendants. While this motion was pending in the chancery court, Rebuild America filed its notice of appeal from the chancellor’s August 26, 2010 order granting summary judgment to Countrywide and the Bank of New York.
ANALYSIS
¶ 8. While not raised by the parties on appeal, this Court must first determine whether the chancellor’s August 26, 2010 order granting summary judgment constitutes a final judgment. Walters v. Walters, 956 So.2d 1050, 1053 (¶8) (Miss.Ct.App.2007) (citing Michael v. Michael, 650 So.2d 469, 471 (Miss.1995)). “ ‘Generally, parties may only appeal from a final judgment.’ ” Id. (citation omitted).
¶ 9. In Harris v. Waters, 40 So.3d 657, 658 (¶ 3) (Miss.Ct.App.2010), we explained that: “A final, appealable judgment is one that ‘adjudicates the merits of the controversy which settles all issues as to all the parties’ and requires no further action by the lower court.” (citation omitted). In Walters, we also examined the limited exception to the final-judgment rule set out in Rule 54(b) of the Mississippi Rules of Civil Procedure:
An exception to the final judgment rule is found Rule 54(b) of the Mississippi Rules of Civil Procedure, which allows the trial court to expressly direct the entry of final judgment as to fewer than all claims or parties in the action. Rule 54(b) states:
Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties shall not terminate the action as *797 to any of the claims or parties and the order or other form if decision is subject to revision at any time before the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties.
Walters, 956 So.2d at 1053-54 (¶ 10).
¶ 10. Rebuild America did not seek certification pursuant to Rule 54(b) from the chancellor prior to filing its notice of appeal, nor does the chancellor’s August 26, 2010 order contain language that can be construed to authorize an appeal to this Court with respect to fewer than all claims or all parties in the case. While the August 26, 2010 order voided the 2003 and 2004 tax sales and set aside the conveyance of the property to Rebuild America, it did not confirm Countrywide’s tax title, nor was the order a judgment within the meaning of Rule 58 of the Mississippi Rules of Civil Procedure, which states:
Every judgment shall be set forth on a separate document which bears the title of “Judgment.” However, a judgment which fully adjudicates the claim to all parties and which has been entered as provided in [Mississippi Rule of Civil Procedure] 79(a) shall, in the absence of prejudice to a party, have the force and finality of a judgment even if it is not properly titled. A judgment shall be effective only when entered as provided in [Rule] 79(a).
¶ 11. Aside from the August 26, 2010 order granting summary judgment in favor of Countrywide and the Bank of New York, no judgment has ever been entered in this case as set forth in Rules 58 and 79(a) prior to appeal. Regardless of the form of the chancellor’s August 26, 2010 order from which Rebuild America appeals, the action of the parties after the chancellor granted summary judgment is conclusive that the August 26, 2010 order did not resolve all claims as to all parties in the case and thus was not a final, ap-pealable judgment.
¶ 12. On September 8, 2010, thirteen days after the chancellor’s grant of summary judgment, the parties entered into an agreed order where the cross-defendant, Hancock County, Mississippi, consented to and waived further notice of a final hearing and entry of a final judgment on Countrywide and the Bank of New York’s counterclaims. On its face, this agreed order, signed by counsel for Rebuild America, acknowledged that further action was required by the chancellor prior the entry of a final judgment.
¶ 13. Further, Countrywide’s September 13, 2010 motion, filed eighteen days after summary judgment was granted, sought an order from the chancellor to confirm its tax title. However, because Rebuild America filed the notice of appeal before the chancellor ruled on Countrywide’s motion, Countrywide’s tax title was not confirmed and remains pending in the chancery court. Further action is required by the chancellor with respect to Countrywide’s September 13, 2010 motion and therefore, the chancellor’s August 26, 2010 order is not a final judgment. See Harris, 40 So.3d at 658 (¶ 2).
¶ 14. Finally, on September 13, 2010, Countrywide moved to dismiss all remaining defendants in the case, which included: Capital One Bank f/k/a/ Hibernia National Bank; Lyndon Property Insurance Company; Jim Hood, as Attorney General for the State of Mississippi; Cono Caranna, District Attorney for Hancock County, Mississippi; and the unknown heirs of O.D. Knox. Since Rebuild America filed its notice of appeal prior to the chancellor’s ruling on the September 13, 2010 motion, no final judgment was entered with respect to dismissal of all defendants.
*798 ¶ 15. Because the chancellor’s judgment does not qualify as a final order under Rule 58 and further because Rebuild America did not obtain certification from the chancellor to appeal fewer than all claims or all parties in this case under Rule 54(b), this matter is not appealable.
¶ 16. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
LEE, C.J., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. Countrywide subsequently assigned the 2003 deed of trust to the Bank of New York. On September 23, 2003, the Favres executed a second deed of trust in favor of Countrywide securing a home-equity loan of $128,500.