# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00632-COA

**MARY G. MONTGOMERY**                                    **APPELLANT**

**v.**

**GLEN W. MONTGOMERY**                                    **APPELLEE**

DATE OF JUDGMENT:              04/12/2017
TRIAL JUDGE:                   HON. D. NEIL HARRIS SR.
COURT FROM WHICH APPEALED:     JACKSON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:        MARY G. MONTGOMERY (PRO SE)
ATTORNEY FOR APPELLEE:         MARK V. KNIGHTEN
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
DISPOSITION:                   APPEAL DISMISSED - 03/05/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., GREENLEE AND McCARTY, JJ.**

**J. WILSON, P.J., FOR THE COURT:**

¶1.    We dismiss the appeal in this divorce proceeding for lack of a final, appealable judgment.

¶2.    In July 2016, Glen Montgomery filed a complaint for divorce from his wife, Mary Montgomery. Glen alleged that he was entitled to a divorce on the grounds of habitual cruel and inhuman treatment and desertion. Glen's complaint requested an equitable division of the marital estate and other relief. Mary filed a pro se, handwritten answer, and the case proceeded to trial on April 12, 2017.

¶3.    The trial was bifurcated, and the court first took evidence on grounds for divorce. After hearing testimony from Glen and a longtime friend of the couple, the judge ruled from

the bench that Glen was entitled to a divorce on the ground of habitual cruel and inhuman treatment. The court then began taking evidence on the equitable division of the marital estate,[1] but that phase of the trial did not conclude on the first day. The judge told the parties that the trial would resume on August 23, 2017.

¶4. At the end of the first day of trial, the court entered a "Final Judgment on Divorce." The judgment stated that Glen had proven habitual cruel and inhuman treatment and was granted a divorce on that ground. The judgment further stated that "[m]atters of equitable division [would] be addressed in a later judgment." Finally, the judgment stated: "This is a final judgment on the grounds for divorce only. The [c]ourt hereby reserves jurisdiction for issues of equitable division, alimony, and all other financial matters related to the marriage." On May 3, 2017, Mary filed a pro se "Motion to Appeal Judgment," which was construed as a notice of appeal.

¶5. A fuller recitation of the facts of the case is unnecessary because we lack jurisdiction. *See Walters v. Walters*, 956 So. 2d 1050, 1051 (¶2) (Miss. Ct. App. 2007). "Though the issue has not been raised by the parties, this Court is required to note its own lack of jurisdiction." *Id.* at 1053 (¶8). "Generally, only final judgments are appealable." *Id.* (quoting *M.W.F. v. D.D.F.*, 926 So. 2d 897, 899 (¶4) (Miss. 2006)). "A final, appealable, judgment is one that 'adjudicates the merits of the controversy[,] . . . settles all issues as to all the parties[,]' and requires no further action by the lower court." *Id.* (brackets omitted) (quoting *Banks v. City Finance Co.*, 825 So. 2d 642, 645 (¶9) (Miss. 2002)).

---

[1] This case does not involve any issues of child custody or child support.

¶6. "A judgment granting a fault-based divorce is a non-final order if issues attendant to the fault-based divorce, such as property division, remain before the lower court." *Id.* at (¶9). That is precisely the situation here. The chancery court's judgment granting a divorce expressly stated that the court reserved jurisdiction to divide the marital estate and resolve all other financial matters related to the divorce. Therefore, the judgment granting a divorce "was not a final judgment from which an appeal could be taken." *Id.*; *accord, e.g.*, *M.W.F. v. D.D.F.*, 926 So. 2d 897, 898-900 (¶¶3-6) (Miss. 2006) (holding that a "judgment of divorce" granting a divorce was not final because it did not resolve issues of property division, alimony, child custody, and child support); *Ory v. Ory*, 936 So. 2d 405, 408 (¶3) & n.1 (Miss. Ct. App. 2006) (explaining that a "judgment of divorce" was not final because the chancery court reserved the division of the marital assets for a later date). The judgment granting a divorce was not final even though it was labeled as a "final" judgment. *Walters*, 956 So. 2d at 1052-54 (¶¶5-7, 9, 11-12) (holding that a "Final Judgment of Divorce" was *not* a final, appealable judgment because the equitable division of the marital estate remained pending before the chancery court). Whether a judgment is "final" is a matter of substance, not form. *See* M.R.C.P. 54(b).

¶7. Rule 54(b) of the Mississippi Rules of Civil Procedure provides one exception to the rule that only final judgments are appealable. *See Walters*, 956 So. 2d at 1053 (¶10). Under Rule 54(b), "the [trial] court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment."

3

M.R.C.P. 54(b). However, the trial court's "expressed determination that there is no just reason for delay" must be stated "in a definite, unmistakable manner." *Id.*, advisory committee notes. In other words, the trial court must expressly "certify" that the interlocutory ruling should be deemed final and "released for appeal." *Jennings v. McCelleis*, 987 So. 2d 1041, 1043 (¶6) (Miss. Ct. App. 2008) (quoting *Indiana Lumbermen's Mut. Ins. Co. v. Curtis Mathes Mfg. Co.*, 456 So. 2d 750, 753 (Miss. 1984)).

¶8.    In this case, the trial judge did not make such an express certification. Indeed, the judge did not make any statement to the effect that there was "no just reason for delay" of an appeal. M.R.C.P. 54(b). To the contrary, the judgment granting Glen a divorce expressly stated that the equitable division of the marital estate would be "addressed . . . in a later judgment." The judgment further stated that the court reserved jurisdiction to address that issue and all other financial matters. Moreover, the court even gave the parties a date for the second day of trial. Therefore, Rule 54(b)'s exception to the final judgment rule does not apply. *See Walters*, 956 So. 2d at 1052-54 (¶¶5-14) (holding that Rule 54(b) did not apply in the absence of an expressed determination by the trial court that there was no just reason for delay—even though the trial judge stated orally and in a written judgment that he intended to allow an immediate appeal from a "Final Judgment of Divorce").

¶9.    Because the chancery court has not entered a final, appealable judgment in this case, this Court lacks jurisdiction, and this appeal must be dismissed.

¶10.   **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.  C. WILSON, J., NOT**

**PARTICIPATING.**