ROBERTS, J.,
for the Court:
¶ 1. This appeal and cross-appeal stem from a 2009 work-related injury involving Land O’ Lakes Inc. and its employee James Harper. Because we find that there has not been a final judgment, we dismiss the present appeal and cross-appeal as interlocutory.
FACTS AND PROCEDURAL HISTORY
¶2. On March 26, 2009, Harper sustained injuries to his feet when they became caught in a fertilizer conveyor belt. Harper filed a petition to controvert, claiming injuries to his legs and lower back as a result of the work-related accident. His employer, Land O’ Lakes Inc., accepted Harper’s claims of lower-extremity injuries; however, it denied compensability for his lower-back injury.
¶ 3. Following a hearing on March 7, 2013, the administrative judge (AJ) found a fifty percent industrial loss to both of Harper’s lower extremities, and the AJ ordered Harper to undergo an independent medical examination (IME) to assess Harper’s lower-back claim. Land O’ Lakes appealed the AJ’s findings to the Mississippi Workers’ Compensation Commission (Commission). The Commission affirmed the AJ’s award of permanent partial disability benefits for Harper’s lower extremities; however, it found a four percent impairment per foot/leg, as opposed *554 to the AJ’s finding of a fifty percent industrial loss. The Commission also affirmed the AJ’s order of an IME in regard to Harper’s lower-back claim. It is from this order that Harper and Land O’ Lakes now appeal.
ANALYSIS
¶ 4. Harper appeals the Commission’s finding “that Harper’s industrial loss of use of his feet did not exceed [four percent.]” Harper claims that the Commission did not consider all the evidence in making its decision, and that the AJ’s decision that he suffered a fifty percent occupation disability to each leg was correct, because the decision was based on all the evidence presented.
¶ 5. Land O’ Lakes cross-appeals, and the crux of its argument is that it was improper for the AJ and Commission to order Harper to undergo an IME after the hearing on the merits was completed, and such order was a violation of Land O’ Lakes’ due-process rights. Land O’ Lakes cites to Mississippi Workers’ Compensation Commission Procedural Rule 7, which provides, in part:
All cases shall be completed at one hearing on the merits, and all lay, expert, and documentary evidence, including medical depositions, shall be introduced at such hearing. No case set for hearing on the merits shall be continued except in event of illness of an interested party or other extreme circumstances.
Land O’ Lakes submits that the decision to order an IME after the hearing on the merits was completed is in contravention of the Commission’s own procedures. And permitting it to stand would equate to allowing additional evidence on the com-pensability of Harper’s claimed lower-back injury to be introduced after the hearing on the merits. According to Land O’Lakes, “[Procedural Rule 7] does not allow for the AJ or Commission to hold a matter in abeyance or order an additional investigation into the compensability of an alleged injury after a hearing on the merits has been held.” And that “[t]his, essentially, is just re-opening the discovery period” with no explanation as to whether Land O’ Lakes would be able to have its medical expert review the IME results or “how a second hearing on the merits would operate as far as cross-examination or additional proof from either [party].”
¶ 6. Land O’ Lakes also submits that Mississippi Code Annotated section 71-8-15(2) (Supp.2014) was erroneously applied by the AJ and the Commission. Section 71-3-15(2) provides:
Whenever in the opinion of the commission a physician has not correctly estimated the degree of permanent disability or the extent of the temporary disability of an injured employee, the commission shall have the power to cause such employee to be examined by a physician selected by the commission, and to obtain from .such physician a report containing his estimate of such disabilities. The commission shall have the power in its discretion to charge the cost of such examination to the employer, if he is a self-insurer, or to the insurance company which is carrying the risk.
In its brief, Land O’ Lakes does not dispute that the Commission has the authority to order an IME, but it submits that the authority is limited, “for the purpose of assessing the degree of disability, whether permanent or temporary[,]” and such order would, not be appropriate until a decision that the injury is compensable has been made. As we read the record, neither the Commission nor the AJ has determined the compensability of Harper’s lower-back claim, i.e., whether it was a work-related injury.
*555 ¶ 7. Neither party has raised any jurisdictional issues regarding the finality of the judgment; however, this Court has a duty to analyze its jurisdiction to entertain an appeal. See Walters v. Walters, 956 So.2d 1050, 1053 (¶ 8) (Miss.Ct.App.2007) (citing Michael v. Michael, 650 So.2d 469, 471 (Miss.1995)). “A final, appealable, judgment is one that adjudicates the merits of the controversy which settles all issues as to all the parties and requires no further action by the lower court.” Id. (citation and internal quotation marks omitted). And for this reason, we decline to address these issues, because the Commission has not yet entered a final order. The issue of the compensability on Harper’s lower-back claim has not yet been decided. Therefore, lacking jurisdiction, we dismiss.
¶ 8. THIS APPEAL AND CROSS-APPEAL ARE DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO THE APPEL-LEES/CROSS-APPELLANTS AND THE APPELLANT/CROSS-APPEL-LEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.