JAMES, J.,
dissenting:
¶ 36. Because I would find that the administrative remedies were not fully exhausted, I respectfully dissent. There was not a final, appealable order of the AJ due to Southwire’s pending motion to reconsider. As a result, Southwire’s petition for review to the Commission was premature. Therefore, I would dismiss this appeal for lack of jurisdiction. ' ■
FACTUAL BACKGROUND
¶ 37. On May 10, 2013, the AJ entered an order granting Hamilton’s motion to compel the payment of medical treatment. The AJ ordered Southwire to pay for Hamilton’s evaluation and treatment relating to a possible revision of Hamilton’s spinal stimulator. Specifically, the AJ’s order required Southwire to approve the referral by Dr. Polk to Dr. Hoit for evaluation and treatment related to a possible spinal-stimulator revision. The AJ also ordered Southwire to pay for medications prescribed by Dr. Vance, which included Depakote, Methadone, Lyrica, Baclofen, Celebrex, Provigil, Testim, Cialis, and Sprix.
¶ 38. On May 17, 2013, Southwire filed a motion to reconsider the 'AJ’s order. Southwire argued that it should not have to pay for certain erectile-dysfunction drugs, Cialis and Testim, prescribed to Hamilton by Dr. Vance. Southwire specifically noted in its motion: “[T]his motion is appropriate as additional information was learned following the hearing regarding the matter. As indicated during the hearing, [Southwire] had not previously been made aware that [Hamilton] was 'going to request that the erectile dysfunction be picked up as part of [his] workers’ compensation claim.”
¶ 39. On May 24, 2013, Hamilton filed a response to Southwire’s motion to reconsider arguing that a letter from Dr. Vance, which had been filed, confirmed that these medications were causally related to the work injury. Meanwhile, on May 30, 2013, Southwire filed a petition for review to the Commission. On June 5, 2013, Southwire filed a reply to Hamilton’s response to Southwire’s motion to reconsider. On June 7, 2013, Hamilton submitted a supplemental letter in support of his response to Hamilton’s motion to reconsider. On June 10, 2013, the Commission entered a notice scheduling a hearing before the full Commission on August 26, 2013. The AJ never ruled on Southwire’s pending motion to reconsider. A hearing was held before the. full Commission on August 26, 2013. On August 21, 2014, the Commission affirmed the AJ’s order in part and reversed in part. The Commission remanded the matter to the AJ for further proceedings consistent with its order.
DISCUSSION
¶ 40. Although “[n]either party has raised any jurisdictional issues regarding the finality of the judgment .., this Court has a duty to analyze its jurisdiction to entertain an appeal.” Harper v. Land O’ Lakes Inc., 165 So.3d 553, 555 (¶ 7) (Miss.Ct.App.2015). “A final, appealable[ ] judgment is one that adjudicates the merits of the controversy which settles all issues as to all the parties and requires no further action by the lower court.” Id.
¶ 41. This Court, on its own initiative, entered an order requesting that the parties provide supplemental briefing addressing (1) whether all administrative remedies were exhausted before the Commission, including whether the Commission had authority to address the issues raised in Southwire’s motion to reconsider, which was never ruled on by the AJ; and (2) whether this Court has jurisdiction to hear this appeal. The parties submitted supplemental biiefing. After reviewing the briefs and record, I conclude that this *1286 Court does not have jurisdiction to hear the appeal.
¶ 42. “When the order that is the subject of a [motion] for reconsideration is an [AJ’s] order, the Commission will consider that the [AJ’s] -order is not a final order until the [AJ] has ruled on the [motion] for reconsideration.” John R. Bradley & Linda A. Thompson, Miss. Practice Series: Miss. Workers’ Compensation § 6:38 (2015) (citing Day Detectives Inc. v. Savell, 291 So.2d.716 (Miss.1974)).
¶ 43. Southwire filed a motion to reconsider the AJ’s order entered on May 10, 2013. The AJ never ruled on that motion. Accordingly, the AJ’s order was not a final, appealable-order due to Southwire’s pending motion for reconsideration. See Savell, 291 So.2d at 721 (holding that the claimant’s motion to withdraw the AJ’s order denying benefits tolled the twenty-day period from which to file a petition for review by the Commission). In Saveli, the Mississippi Supreme Court held:
We are of the opinion and so hpld that [the] claimant’s motion for the [C]om-mission to withdraw the [AJ’s] order of November 4,. 1970, tolled the running of the twenty-day'time within which a petition for review by the full [Commission' should be filed. There was no final order of the [AJ] from which to appeal until this motion was overruled on February 26,1971.

Id.

¶ 44. The majority opinion would eliminate the need to dispose of the motion to reconsider. However; the supreme court already addréssed this issue in Saveli. Like Saveli, there was not a final, appeal-able order of the AJ from which to appeal until the AJ had ruled on the pending motion to reconsider. Because there was no final, appealable order of the AJ, the petition for review was premature.
.¶45. Southwire argues that its motion to reconsider is now moot because the issue was also presented in its petition for review, which the Commission addressed in its order. The Commission ruled in favor of Southwire’s argument raised in its motion to reconsider, which was rejected by the AJ’s order. However, had the Commission affirmed the AJ’s order in its entirety, Southwire would be in a position to argue that the AJ’s order was not a final, appealable order because of-its unresolved motion.
¶ 46, Southwire also argues that in the interest of judicial economy and in order to prevent greater expense and time, this Court should address all the issues raised in the appellate briefs. At the same time, Southwire described its motion to reconsider as “unnecessary” and “superfluous.” Filing an unnecessary and superfluous motion to reconsider certainly does not promote judicial economy or prevent additional expense and time. Hamilton was compelled to incur greater expense and time by responding to Southwire’s motion to reconsider. Southwire then filed a reply to Hamilton’s response. In turn, Hamilton supplemented his response via a letter to the AJ. I am not persuaded by Southwire’s judicial-economy argument.
¶47. Southwire also clahns it filed a motion to reconsider and petition for review out of an abundance of caution and to avoid waiving the issue on appeal. However, the supreme court has held that filing a motion to reconsider tolls the twenty-day time period to file a petition for review. See Johnston v. Hattiesburg Clinic P.A., 423 So.2d 114, 115 (Miss.1982); see also Savell, 291 So.2d at 721. Thus, Southwire was not obligated to file a motion to reconsider and petition for review in order to preserve its appeal to the Commission.
¶ 48. In general, a party must exhaust the administrative remedies available to him before resorting to the courts for resolution of his dispute. See State v. Beebe, *1287 687 So.2d 702, 705 (Miss.1996). I would find that the administrative remedies were not fully exhausted because Southwire’s petition for review was premature due to its unresolved motion to reconsider. Accordingly, I would dismiss this appeal for lack of jurisdiction.
IRVING, P.J., JOINS THIS OPINION IN PART.