GRIFFIS, P.J.,
FOR THE COURT:
¶ 1. Curtis Antonio Way appeals the circuit court’s dismissal of Ms complaint. We find the circuit court properly determined it lacked subject-matter jurisdiction, but erred in dismissing the complaint with prejudice. Thus, we. affirm in part and reverse and render in part.
FACTS AND PROCEDURAL HISTORY
¶ 2. Way and Terria Hall-Mines are the natural parents of three minor children, C.A.W., R.A.W., and T.K.W.[1] Following his release from a Mississippi correctional facility in 2005, Way traveled to Florida. Hall-Mines and the minor children remained in Mississippi. Way claims he remained in contact with Hall-Mines, and they communicated about the development of the children.
¶ 3. In December 2006, Way was arrested in Florida and charged with the murder of his wife or significant other. In January 2007, Way received a letter from Hall-Mines, which referenced the murder charge. According to Way, Hall-Mines testified at his murder trial on behalf of the State of Florida.
¶ 4. At some ■ point prior to March 4, 2008, Hall-Mines and her husband, L.G. Mines, filed a petition in the Chancery Court of Holmes County, Mississippi, to terminate the parental rights of Way and to adopt T.K.W. Robert G. Clark III represented Hall-Mines and Mines in the proceeding. Glen Moore was appointed guardian ad litem.
¶ 5. On March 4, 2008, following a hearing on the petition, the chancery court terminated Way’s parental rights and declared the minor child to be adopted by Mines. Way was not present at the hearing. The chancery-court judgment indicates Way was served with process by publication, as Hall-Mines and Mines represented that Way’s residence and address were unknown to them after a diligent search and inquiry.
¶ 6. On July 12, 2013, Way filed a complaint in the Circuit Court of Holmes County against Moore, Clark, Hall-Mines, and Mines and alleged he was never notified of the petition to terminate his parental rights. Way further alleged Moore, Clark, Hall-Mines, and Mines knew or should have known of his address in Florida and failed to perform a diligent search and inquiry to ascertain the information. Way claimed their “actions or inactions directly prevented him from participating in [his] case, or presenting his claims or defense,” and “[were] tantamount to fraud upon the Court.” Way requested a jury trial and a judgment against each defendant in the amount of $100,000 in compensatory damages and $200,000 in punitive damages.
¶ 7. The record indicates that Clark, Hall-Mines, and Mines were timely served with process. Moore was never served. Clark filed an answer and defenses to the complaint; however, Hall-Mines and Mines never answered the complaint or entered an appearance. Way filed numerous motions for default judgment against Hall-Mines and Mines, which were denied by the circuit court. The circuit court also denied Way’s motion to compel discovery as to Clark.
¶ 8. Clark filed a motion to dismiss the complaint based on various grounds, in- *11 eluding the circuit court’s lack of subject-matter jurisdiction, and Way’s failure to plead fraud with particularity. The circuit court found it lacked jurisdiction, as the complaint derived from a chancery-court matter. The circuit court further found Way failed to properly plead the claim of fraud. As a result, the circuit court granted Clark’s motion and dismissed Way’s complaint with prejudice.
¶ 9. Way timely appealed and argues: (1) the circuit court erred in dismissing his complaint for lack of subject-matter jurisdiction, (2) the circuit court erred in denying his motions for default judgment as to Hall-Mines and Mines, and (3) the circuit court erred in denying his motion to compel discovery as to Clark. We limit our discussion to the first issue, as it is disposi-tive.
STANDARD OF REVIEW
¶ 10. Jurisdiction is a question of law, which we review de novo. Germany v. Germany, 123 So.3d 423, 427 (¶ 8) (Miss. 2013). Subject-matter jurisdiction is “[jurisdiction over the nature of the case and the type of relief sought; the extent to which a court can rule on the conduct of persons or the status of things.” B.A.D. v. Finnegan, 82 So.3d 608, 614 (¶ 24) (Miss. 2012) (citing Black’s Law Dictionary (8th ed. 2005)). “[I]n determining whether a court has subject-matter jurisdiction, ‘one must look at the substance, and not the form, of the claim in order to determine whether the claim is legal or equitable’ and Ve look to the face of the complaint, examining the nature of the controversy and the relief sought.’ ” Germany, 123 So.3d at 428 (¶ 10).
ANALYSIS
¶ 11. The primary question for our review is whether the circuit court erred in dismissing Way’s complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Mississippi Rules of Civil Procedure. Way asserts he was not aware of the termination-of-parental-rights proceeding until March 2013, and claims Clark, Hall-Mines, and Mines knew of his whereabouts but lied to the chancery court in order to prevent his appearance at the proceeding. Way argues that as a result of Clark, Hall-Mines, and Mines’s fraudulent misrepresentations, he was improperly served with process and denied reasonable notice and an opportunity to be heard. Thus, although Way alleges and seeks damages for fraud, his claims are actually based on an alleged jurisdictional defect.
¶ 12. There is no indication in the record that Way has addressed this potential jurisdictional defect in chancery court, or has contested the chancery-court judgment. Instead, Way seeks almost one million dollars in actual and punitive damages against Clark, Hall-Mines, and Mines in circuit court for their alleged fraud upon the chancery court. However, the fact that Way seeks punitive damages “should not be the determining factor of whether [his] claim is legal rather than equitable.” Id. at 431 (¶ 19) (citing Tideway Oil Programs Inc. v. Serio, 431 So.2d 454, 464 (Miss. 1983) (Claims for punitive damages are legal and not equitable, but chancery courts have actual subject-matter jurisdiction over punitive-damages claims.)).
¶ 13. “The chancery court has original exclusive jurisdiction over all termination of parental rights proceedings .... ” Miss. Code Ann. § 93-15-105(1) (Rev. 2013). We are of the opinion that Way’s claims are equitable in nature, and the claims are based on an alleged jurisdictional defect related to the termination-of-parental-rights proceeding. If Way’s allegations are true, and he was improperly served with process, then the chancery court lacked personal jurisdiction over Way, and the *12 judgment terminating his parental rights may be set aside. In addition, any damages sought by Way may be addressed by the chancery court. See Serio, 431 So.2d at 464 (“[Cjlaims for punitive damages lie within the subject matter jurisdiction of the chancery courts of this state.”). Accordingly, the chancery court, not the circuit court, should address Way’s claims of fraud and improper service of process related to the termination-of-parental-rights proceeding. Thus, the circuit court did not err in finding it lacked subject-matter jurisdiction.
¶ 14. Additionally, the circuit court’s dismissal with prejudice was improper, as “a dismissal with prejudice indicates a ruling on the merits, which is not appropriate for a dismissal for want of jurisdiction.” Finnegan, 82 So.3d at 614 (¶25) (citing Rayner v. Raytheon Co., 858 So.2d 132 (Miss. 2003)). Since the circuit court lacked subject-matter jurisdiction, it was without authority to address the merits of the case. Instead, the circuit court should have simply dismissed the case for lack of jurisdiction.
¶ 15. We find the circuit court lacked subject-matter jurisdiction, and we find this dispositive. We therefore affirm the judgment of the circuit court on this issue, but reverse the circuit court’s dismissal with prejudice and render the judgment of dismissal to be without prejudice.
¶ 16. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO THE APPELLEE.
LEE, C.J., IRVING, P.J., ISHEE, FAIR, WILSON AND GREENLEE, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY BARNES, J. WESTBROOKS, J., NOT PARTICIPATING.

. We use the children’s initials to protect their identities and privacy.