**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2015-CA-01280-COA**

**KAPPI SAGET JEFFERS**                                                    **APPELLANT**

**v.**

**KORRI SAGET**                                                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/2015 |
| TRIAL JUDGE: | HON. MARIE WILSON |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DAVID M. SESSUMS |
| ATTORNEY FOR APPELLEE: | WREN CARROLL WAY |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S PETITION FOR RECOVERY/COLLECTION OF ESTATE ASSETS AND THE COUNTER-CLAIM TO SET ASIDE CONVEYANCE OF PERSONAL PROPERTY AND FOR RECOVERY ASSETS |
| DISPOSITION: | APPEAL DISMISSED - 03-21-2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Kappi Saget Jeffers contested the validity of her late mother's will and the conveyance of assets related to investment-fund accounts. The will contest, before a jury, ended in a mistrial, but the chancellor, as finder of fact, denied Jeffers's petition and counterclaim to recover assets, specifically the investment accounts. On appeal, we find that the chancellor's entry of judgment regarding the investment accounts was not a final, appealable judgment under Mississippi Rule of Civil Procedure 54(b). Therefore, we must dismiss the appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2.    Rae Saget died on January 6, 2014, survived by two daughters, Jeffers and Korri Saget.  Prior to her death, Rae had executed three wills.  In a 2004 will, she left a diamond ring to Saget, a ruby ring to Jeffers, and her remaining property to be equally distributed between Saget and Jeffers.  In 2008, Rae executed a second will, again leaving the bulk of her estate to be divided equally between her daughters.  However, Rae's most recent will, executed on August 23, 2012, bequeathed all her property to Saget, except for one diamond ring, which she bequeathed to Jeffers.

¶3.    Rae also had investment accounts with Morgan Stanley.  From 2006 to 2012, both daughters were designated as equal beneficiaries of the accounts.  However, on August 22, 2012, Rae appeared alone at the Morgan Stanley offices and signed forms making Saget the sole beneficiary of the accounts.

¶4.    After Rae's death, Jeffers filed a Caveat Against Probate (Cause No. 2014-008-PR) on February 7, 2014, arguing that Rae's August 23, 2012 last will and testament was a product of undue influence and should be declared void.  On February 18, 2014, Saget filed a petition to open the estate and for appointment of an executrix (Cause No. 2014-010-PR). An order opening the estate was entered, and Saget was appointed as executrix.  Jeffers subsequently filed a motion to set aside the order and consolidate the causes and a motion to freeze assets.

¶5.    On March 11, 2014, Jeffers filed a petition for letters of administration and for the recovery/collection of estate assets in Cause No. 2014-008-PR.  The petition specifically

referenced the Morgan Stanley investment accounts and argued that Rae lacked capacity to put Saget's name on the account. The chancery court consolidated the two cases into Cause No. 2014-008-PR, appointed both Jeffers and Saget as co-adminstratrixes, and granted Jeffers's motion to freeze the assets. Then, on March 31, 2014, Jeffers filed an answer to the petition to probate the will and a counterclaim to contest the will and set aside the conveyance of personal property and to recover assets. In the petition, she argued that the most recent will, and the document changing the beneficiary of the Morgan Stanley accounts, were void.

¶6. On May 27-30, 2015, jury proceedings were held in chancery court regarding the will contest. The proceedings ended in a mistrial. Although the claim regarding the Morgan Stanley accounts was not submitted to the jury, the chancellor discussed whether to enter an order regarding the accounts. As both attorneys had no additional evidence to present, they agreed to the entry of an order, although Jeffers's attorney did express concern as to whether the entry of such an order could result in "inconsistent" holdings. The chancellor entered a "Final Judgment" on August 4, 2015, denying Jeffers's petition for the recovery/collection of assets and the counterclaim to set aside the conveyance of personal property and for recovery of assets. The order noted that the issue of the will's validity was still pending.

¶7. Because the judgment was not certified pursuant to Rule 54(b), we find that the chancery court judgment was not a final, appealable judgment, and this Court lacks jurisdiction to consider Jeffers's appeal.

## DISCUSSION

¶8.    As noted, the chancellor entered a final judgment and order, denying Jeffers's petition

for the recovery/collection of assets and the countercomplaint to set aside the conveyance of

personal property and for recovery of assets.  However, regarding the  issue of whether the

August 23, 2012 will was void, the chancery court simply stated:  "The question of the

validity of the last will was submitted to a jury which resulted in a mistrial.  It is not an issue

presently before the court."  Although the parties have not raised the issue, "this Court is

required to note its own lack of jurisdiction." *Walters v. Walters*, 956 So. 2d 1050, 1053 (¶8)

(Miss. Ct. App. 2007) (citing *Michael v. Michael*, 650 So. 2d 469, 471 (Miss. 1995)).  Rule

54(b) states:

> When more than one claim for relief is presented in an action, whether as a
> claim, *counterclaim*, cross-claim, or third-party claim, or when multiple parties
> are involved, the court may direct the entry of a final judgment as to one or
> more but fewer than all of the claims or parties *only upon an expressed*
> *determination that there is no just reason for delay* and upon an expressed
> direction for the entry of the judgment.  In the absence of such determination
> and direction, any order or other form of decision, however designated[,]
> which adjudicates fewer than all of the claims or the rights and liabilities of
> fewer than all the parties shall not terminate the action as to any of the claims
> or parties[,] and the order or other form of decision is subject to revision at any
> time before the entry of judgment adjudicating all the claims and the rights and
> liabilities of all the parties.

(Emphasis added).  "A final, appealable judgment is one that adjudicates the merits of the

controversy which settles all issues as to all the parties and requires no further action by the

[chancery] court." *Walters*, 956 So. 2d at 1053 (¶8) (citation omitted).  Without a Rule 54(b)

certification, an interlocutory order "is only appealable if the Mississippi Supreme Court

grants permission under Rule 5 of the Mississippi Rules of Appellate Procedure; this Court

has no jurisdiction to hear it otherwise." *Hoffman v. Hoffman*, 200 So. 3d 465, 468 (¶12)

4

(Miss. Ct. App. 2016) (quoting *Jackson v. Lowe*, 65 So. 3d 879, 881-82 (¶7) (Miss. Ct. App. 2011)).

¶9. Jeffers acknowledges in her appellant's brief that the issue of the will contest "remains pending on the trial docket of the lower court." At trial, during the discussion as to whether the chancellor should enter an order addressing the Morgan Stanley accounts, the chancellor asserted that the claims were separate and the burden of proof was different. But Saget's counsel noted that the claims were both asserted in the pleadings, and stated: "Well, they made an issue of it so the issue is joined." Eventually, both attorneys agreed that they wanted the chancery court to rule on the issue.

¶10. However, the chancery court did not certify the judgment under Rule 54(b). "For a judgment adjudicating fewer than all of the claims to be made final and appealable under Rule 54(b), the trial court must make an expressed direction for the entry of final judgment and an expressed determination that there is no just reason for delay." *Walters*, 956 So. 2d at 1054 (¶12). Here, while the chancellor directed the entry of a final judgment, satisfying the first requirement, nowhere in the order does the chancellor state that there is no reason for delay. Therefore, we find the judgment was not a final, appealable order.

¶11. **THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**