# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01352-COA

**TURNER & ASSOCIATES P.L.L.C., THE**                     **APPELLANTS**
**ESTATE OF BENNIE L. TURNER AND**
**ANGELA TURNER**

**v.**

**GERALD WATKINS**                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/2017 |
| TRIAL JUDGE: | HON. JAMES LAMAR ROBERTS JR. |
| COURT FROM WHICH APPEALED: | PONTOTOC COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RANDOLPH WALKER |
| | ANGELA TURNER FORD |
| ATTORNEYS FOR APPELLEE: | J. RHEA TANNEHILL JR. |
| | JACOB BYSTROM JORDAN |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | APPEAL DISMISSED - 12/04/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND WILSON, JJ.

### BARNES, J., FOR THE COURT:

¶1. After Gerald Watkins, a roofing contractor, was injured when he fell off a roof, he hired Turner & Associates PLLC to file a personal-injury lawsuit against the homeowner. Years later, Watkins discovered no action was filed on his behalf, and the statute of limitations had expired. He filed a complaint against Turner & Associates PLLC, Bennie Turner, and Angela Turner (collectively "Turner"), alleging legal malpractice/negligence, breach of contract, intentional or negligent misrepresentation/fraud, negligent supervision, and intentional/negligent infliction of emotional distress.

¶2. On August 13, 2013, Watkins filed a motion for summary judgment, which the Pontotoc County Circuit Court denied, finding there were genuine issues of material fact as to whether there was a binding contract between the parties and whether Turner's paralegal, Carolyn Turner Karriem, "had the authority to enter into the settlement of the legal malpractice case."[1]

¶3. On June 28, 2016, Watkins filed a notice of discovery, including requests for admissions. When Turner failed to respond, Watkins filed a second motion for summary judgment on February 8, 2017, arguing that his requests for admissions were deemed admitted. Turner claimed it never received the discovery requests. The trial court granted the motion, finding that under Mississippi Rule of Civil Procedure 36, the requests for admissions were deemed admitted and Watkins was entitled to summary judgment.

¶4. Turner appeals, claiming: (1) Watkins did not prove the underlying claim would have been successful; (2) Karriem's authority to enter into a settlement was not addressed by the requests for admissions; (3) the trial court failed to make any findings of fact whether Turner received the notice of service of discovery; (4) the requests for admissions did not resolve all genuine issues of material fact; and (5) the "release" was not enforceable. Finding the trial court's order granting summary judgment is not a final, appealable judgment, we dismiss

---

[1] There appeared to be an attempt by the parties to settle the action for $300,000, evidenced by an "Absolute Release with Indemnity and Confidentiality Covenants" signed by Watkins. The release purported that Watkins received $18,000 from Turner in consideration for the release and indemnity, but he did not receive any further compensation.

for lack of jurisdiction.[2]

## DISCUSSION

¶5.    Although the issue of jurisdiction was not raised by either party, this Court must address on its own initiative whether the trial court's order was a final, appealable judgment. *Jeffers v. Saget*, 235 So. 3d 103, 105 (¶8) (Miss. Ct. App. 2017). "Jurisdiction is a question of law, which we review de novo." *Way v. Clark*, 208 So. 3d 9, 11 (¶10) (Miss. Ct. App. 2017) (citing *Germany v. Germany*, 123 So. 3d 423, 427 (¶8) (Miss. 2013)). "A final, appealable judgment is one that adjudicates the merits of the controversy which settles all issues as to all the parties and requires no further action by the [trial] court." *Walters v. Walters*, 956 So. 2d 1050, 1053 (¶8) (Miss. Ct. App. 2007) (internal quotation marks omitted). In its order filed on August 28, 2017, the trial court concluded:

> On June 28, 2016, counsel for the Plaintiff propounded discovery including interrogatories, request for production of documents and requests for admissions on the Defendants. To date, the Defendants have failed to respond to the discovery requests. Pursuant to . . . Rule 36, the Requests for Admissions are deemed admitted since the Defendants failed to respond within thirty (30) days. The Requests for Admissions addressed dispositive items like admitting there was a valid contract between the Plaintiff and Defendants, admitting the Defendants misrepresented possible awards to Plaintiff,

---

[2] Watkins died on December 30, 2016. There is no evidence in the record of Watkins's death, but counsel acknowledged in the appellee's brief that Watkins is deceased. Counsel also stated at oral argument that he was aware of Watkins's death when filing the second summary-judgment motion. Turner's reply brief argues the trial court's order was improper since there was no party-plaintiff. No suggestion of death was submitted, but Watkins's counsel filed a motion for substitution of parties on October 8, 2018. However, based on our dismissal of the appeal, we leave this matter for the trial court, and we dismiss the motion.

admitting the statute of limitations expired on the Plaintiff's claim, admitting negligence, misrepresentations, and fraud by Defendants, and admitting that the Absolute Release was a legally and bind[ing] document.

In light of these admissions, under Rule 56 of the [Mississippi Rules of Civil Procedure,] there are no genuine issues of material facts and therefore summary judgment is proper.

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff Gerald Watkins'[s] Second Motion for Summary Judgment shall be, and hereby is, GRANTED.

SO ORDERED AND ADJUDGED this the 24th day of August, 2017.

No other judgment is contained in the record. The advisory notes to Mississippi Rule of Civil Procedure 54 state: "The terms 'decision' and 'judgment' are not synonymous under these rules. The decision consists of the court's opinion which consists of findings of fact and conclusions of law; the rendition of judgment is the pronouncement of that decision and the act that gives it legal effect."

¶6. Here, the court's order granted Watkins's motion for summary judgment, but it did not award Watkins any monetary judgment or damages. The parties have acknowledged that the amount of judgment to be enrolled is unclear, and this Court cannot assume that the court's judgment was the $5,000,000 requested by Watkins in his complaint and identified in his requests for admissions. Thus, the court's order did not adjudicate all the issues and requires further action by the trial court.[3] *See Jackson v. Lowe*, 65 So. 3d 879, 882 (¶8)

---

[3] Watkins's counsel suggested that if the order is interlocutory, he would consent to an interlocutory appeal. We must reject this proposition as the parties failed to follow the procedural rules to file such an appeal. *See* M.R.A.P. 5.

4

(Miss. Ct. App. 2011) (This Court could not assume a "final order's silence" on a party's claim for damages constituted a final adjudication; therefore, the court's "final judgment" was an interlocutory order.). Since the court's order was not a final judgment for purposes of appeal, we dismiss for lack of jurisdiction.

¶7.    **APPEAL DISMISSED.**

**LEE, C.J., GRIFFIS, P.J., CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.    IRVING, P.J., AND TINDELL, J., NOT PARTICIPATING.**