# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00500-COA

| | |
|---|---|
| RENE ADAMS, ROBERT M. ADAMS, BYRON ALDRIDGE, LINDA BAILEY, TOM BAILEY, PAUL BENOIST, RAYMOND BONNETTE, SUSAN BONNETTE, LARRY BUCKLEY, BARBARA COLWELL, BILL DALE, CAMMIE DALE, MARY DE BENEDETTO, AMANDA EIDT, JACOB EIDT, JACQUELINE BIGGS EDIT, KATE J. FERGUSON, KAYLIN FREDRICKSON, SARAH FREEMAN, VICKI FOWLKES, ED GAUDET, TOM GEOGHEGAN, BRIDGET GREEN, CAROLYN GUIDO, GARY GUIDO, STEPHEN GUIDO, LORRAINE HAMPTON, RICHARD HESS, EDWARD KILLELEA, JEROLD D. KROUSE, CINDY MENG, CHERYL PETERMANN, JOHN PETERMANN, MAUREEN RADZEWICZ, DOROTHY L. RAINER, MATTHEW RIGGINS, FRED ST. CLAIR, HELENA ST. CLAIR, JIM SANDERS, TAMARA SCALES, JOSIAH WILLIAM SEIBERT III, MARTHA JUNKIN SEIBERT, STELLA R. SHARP, ELIZABETH SWALM, FRAN TRAPPEY, JAMES M. WADE, AND TABITHA WROTEN | APPELLANTS |

v.

| | |
|---|---|
| CITY OF NATCHEZ, MISSISSIPPI, AND MAGNOLIA HEALTH FOUNDATION | APPELLEES |

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/2019 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | PAUL DRAUGHN SULLIVAN |
| ATTORNEY FOR APPELLEES: | ROBERT C. LATHAM |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 8/11/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**CITY OF NATCHEZ, MISSISSIPPI**                                    **APPELLANT**

**v.**

**GINGER HYLAND AND**                                              **APPELLEES**
**CHARLOTTE COPELAND**

DATE OF JUDGMENT:               03/29/2019
TRIAL JUDGE:                    HON. DEBRA W. BLACKWELL
COURT FROM WHICH APPEALED:      ADAMS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         ROBERT C. LATHAM
ATTORNEYS FOR APPELLEES:        LESTER JOSEPH MENG III
                                MARK D. MORRISON
NATURE OF THE CASE:             CIVIL - OTHER
DISPOSITION:                    REVERSED AND VACATED - 8/11/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

EN BANC.

LAWRENCE, J., FOR THE COURT:

¶1.     At a meeting on September 11, 2018, the City of Natchez passed a motion for the

acceptance of a proposal submitted by Magnolia Medical Foundation to acquire a piece of

surplus property known as the "Old General Hospital." Following the City's decision, two

separate actions were filed in the Adams County Circuit Court: one by Natchez residents and

business owners Ginger Hyland and Charlotte Copeland and another by a group of residents

living in the Old General Hospital neighborhood ("the Neighbors").

¶2.     On February 6, 2019, Judge Lillie Blackmon Sanders found in favor of the City and

dismissed the Neighbors' appeal. But on March 29, 2019, Judge Debra Blackwell found that

the City's decision was arbitrary, capricious, and without a substantial basis, and Judge

Blackwell ultimately reversed the City's decision. Now, with conflicting results from the circuit court, the Neighbors and the City appeal their adverse decisions. On appeal, we find the City's actions on September 11, 2018, do not constitute a final, appealable decision or judgment, and the circuit court lacked jurisdiction to hear both Hyland and Copeland's appeal and the Neighbors' appeal. As such, we affirm Judge Blackmon Sanders's judgment against the Neighbors, and we reverse and vacate Judge Blackwell's judgment against the City.

## FACTS AND PROCEDURAL HISTORY

¶3.     Sometime prior to December 2016, the City acquired a piece of property known as the "Old General Hospital" from the State of Mississippi through a tax sale and transfer. On December 13, 2016, the City's mayor and board of aldermen declared the hospital to be surplus property and authorized the sale of the property pursuant to Mississippi Code Annotated 21-17-1 (Supp. 2014). The City published its request for proposals (RFP) on February 20, February 27, and March, 6, 2017, which required proposals to be submitted by 4:00 p.m. on March 13, 2017. In its RFP, the City also included the requirement that "sealed proposals must include a minimum earnest deposit of Five Thousand Dollars ($5,000.00), in the form of a certified or cashier's check, payable to the City of Natchez. . . ."

¶4.     The City received two proposals for the property, one from a church and another from Magnolia Medical Foundation, but neither party submitted an earnest deposit with their proposals. On April 25, 2017, the City conducted a public hearing on the proposal submitted by Magnolia Medical Foundation. On September 26, 2017, the City held another meeting and voted to "enter into negotiations with Magnolia Medical Foundation for the development

of the [Old] General Hospital site."

¶5.    On October 4, 2017, Hyland and Copeland filed a complaint for a declaratory judgment and for injunctive relief in the circuit court.  In their complaint, Hyland and Copeland argued that the two proposals submitted for the property failed to meet the City's initial RFP requirements because neither of the proposals included a business plan or financial plan.  Hyland and Copeland further argued that the proposals failed to include a $5,000 earnest deposit, thereby voiding both proposals.  Finally, they alleged that the City arbitrarily and capriciously awarded Magnolia Medical Foundation the proposal for the Old General Hospital property.  Hyland and Copeland requested the circuit court to (1) declare the two submitted proposals null and void; (2) issue a permanent injunction prohibiting the City from selling or alienating the Old General Hospital property on the two submitted proposals; and (3) order the City to reopen RFPs for other potential proposals.  But on February 20, 2018, Judge Forrest Johnson entered an order to "non-suit" this action upon agreement of the parties.  The parties agreed that the action was premature, because the City had not yet made a final determination regarding the Old General Hospital.

¶6.    Then, at its meeting on September 11, 2018, the City passed the following motion:

> Alderwoman Joyce Arceneaux Mathis moved to accept the offer of Magnolia Medical Foundation to acquire the [Old General Hospital] on Oak Street contingent on Magnolia Medical Foundation investing the funds in the building as set forth in their proposal and further subject to certain restrictions and requirements to be included in the deed of acquisition as well as agreeing to ad valorem taxes and not to apply for tax exempt status with the restrictions and requirements being established by the Public Properties Committee.

On or around September 20, 2018, the Neighbors and Hyland and Copeland filed separate

4

notices of appeal in the circuit court challenging the City's actions. The Neighbors' appeal was assigned to Judge Blackmon Sanders while Hyland and Copeland's appeal was assigned to Judge Johnson. The City filed its answers and motions to dismiss in both cases on November 8, 2018.

¶7. On December 26, 2018, Judge Johnson denied the City's motion to dismiss, finding that the City's decision constituted a final, appealable judgment and that Hyland and Copeland had standing to contest that decision. On December 31, 2018, Judge Johnson retired as circuit court judge, and Judge Debra Blackwell succeeded him and presided over Hyland and Copeland's appeal. After hearing oral argument, Judge Blackwell found in favor of Hyland and Copeland and reversed the City's action that passed the motion to accept Magnolia Medical Foundation's proposal. But on February 6, 2019, Judge Blackmon Sanders granted the City's motion to dismiss and ordered that the Neighbors' appeal be dismissed with prejudice. Now, the Neighbors appeal from Judge Blackmon Sanders's dismissal of their circuit-court appeal, and the City appeals from Judge Blackwell's reversal of the September 11, 2018 decision.

## STANDARD OF REVIEW

¶8. We review jurisdictional issues de novo. *Turner & Assocs. P.L.L.C. v. Watkins*, 259 So. 3d 640, 641 (¶5) (Miss. Ct. App. 2018). Jurisdictional issues include the finality of a decision or judgment, *Alias v. City of Oxford*, 70 So. 3d 1114, 1117 (¶12) (Miss. Ct. App. 2010), and standing, *Davis v. City of Jackson*, 240 So. 3d 381, 383 (¶9) (Miss. 2018), and are therefore reviewed de novo.

**ANALYSIS**

¶9.     On appeal, the parties raise several issues, including standing and jurisdiction. "Since these two issues are fundamental barriers for any appeal to be considered" by our Court, we address them before any other issues raised by the parties. *Ball v. Mayor & Bd. of Aldermen of City of Natchez*, 983 So. 2d 295, 298 (¶6) (Miss. 2008).

### I.     Whether the Neighbors had standing to appeal the City's decision.

¶10.    In their motions to dismiss, the City asserted that the Neighbors and Hyland and Copeland lacked standing to contest the City decision.[1] Because Judge Blackmon Sanders granted the City's motion and dismissed the Neighbors' case, the Neighbors now raise the issue of standing on appeal. The Mississippi Supreme Court has explained the requirements for parties to having standing for civil actions as follows:

> It is well settled that Mississippi's standing requirements are quite liberal. This Court has explained that while federal courts adhere to a stringent definition of standing, limited by Art. 3, § 2 of the United States Constitution to a review of actual cases and controversies, the Mississippi Constitution contains no such restrictive language. Therefore, this Court has been more permissive in granting standing to parties who seek review of governmental actions. In Mississippi, *parties have standing to sue when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant*, or as otherwise provided by law.

*City of Jackson v. Allen*, 242 So. 3d 8, 26 (¶68) (Miss. 2018) (emphasis added) (citing *Burgess v. City of Gulfport*, 814 So. 2d 149, 152-53 (¶13) (Miss. 2002)).

¶11.    The Neighbors contend that they do have standing to appeal the City's actions because (1) they are residents, property owners, and tax payers of the City, (2) they all live in the

---

[1] On appeal, the City's only mention of "standing" relates to its other jurisdictional argument that there was no final, appealable decision or judgment, which we address later.

general neighborhood of the Old General Hospital property, and (3) their property is adversely affected by the decision of the City's mayor and board of alderman. In support of their argument, the Neighbors cite to *Ball.*

¶12.   In *Ball*, a group of residents and property owners appealed the City of Natchez's decision to sell and transfer 2.88 acres of surplus property to a private company. *Ball*, 983 So. 2d 297-98 (¶¶2-5). The circuit court found that the residents and property owners had standing to appeal the City's decision. *Id*. at 297 (¶1). The City appealed from the circuit court's judgment and argued that the residents lacked standing, citing to *Burgess*, *supra*, and *City of Madison v. Bryan*, 763 So. 2d 162 (Miss. 2000). *Ball*, 983 So. 2d at 301 (¶18). The *Ball* Court affirmed the circuit court's judgment of standing, explaining:

> In *Burgess*, a company sought a permit to remove a tree from its property. This Court held that residents opposing the tree removal had no standing because they did not own the property at issue and never "alleged that they own[ed] the land around the property in question, or that the land had been affected in an adverse manner." Likewise, in *Bryan*, this Court held that Bryan had no standing since he had did not have title to the property, a valid option to purchase the property, or a mortgage or other encumbrance on the land.
>
> Here, *the appellants were property owners in the City, and their property was located near the Natchez Pecan Factory Site.* Furthermore, the appellants alleged that *the project would adversely impact their properties*. We find that the City's argument is without merit.

*Id*. at (¶¶20-21) (emphasis added) (citations omitted).

¶13.   Here, as in *Ball*, the Neighbors are residents and property owners near the Old General Hospital site. Also, they alleged that their properties would be adversely affected by the City's sale and transfer of the Old General Hospital to Magnolia Medical Foundation. Applying the Supreme Court's reasoning in *Ball* here, we find that the Neighbors do have

7

standing to contest the City's decision.

**II.    Whether the City's September 11, 2018 action constituted a final, appealable decision, thereby giving the circuit court jurisdiction to hear the appeals of Hyland and Copeland and the Neighbors.**

¶14.    On appeal, the City argues that the circuit courts lacked jurisdiction to hear both cases because the City made no final, appealable judgment or decision. Mississippi Code Annotated section 11-51-75 (Rev. 2012) allows a circuit court to hear appeals of parties "aggrieved by a judgment or decision of the board of supervisors of a county, or the governing authority of a municipality" as long as they file a notice of appeal within ten days of the judgment or decision. But in order for the circuit court, as well as this Court, to obtain jurisdiction of a section 11-51-75 appeal, the municipality's judgment or decision must be final and appealable. *Hinds Cty. Bd. of Supervisors v. Leggette*, 833 So. 2d 586, 591 (¶11) (Miss. Ct. App. 2002). Otherwise, parties have no right to appeal the municipality's action under the statute. *J. H. Parker Const. Co. v. Bd. of Aldermen of City of Natchez*, 721 So. 2d 671, 674 (¶11) (Miss. Ct. App. 1998). "[A] final judgment has been defined as a judgment adjudicating the merits of the controversy which settles all the issues as to all the parties." *Leggette*, 833 So. 2d at 591 (¶11) (citing *Sanford v. Bd. of Supervisors, Covington Cty.*, 421 So. 2d 488, 490 (Miss. 1982)).

¶15.    We must now determine whether the City's action on September 11, 2018, constituted a final, appealable judgment or decision. The City contends that its only action was to pass a motion for the acceptance of Magnolia Memorial Foundation's proposal subject to certain conditions, restrictions, and requirements to be determined by the City's Public Properties

8

Committee. According to the City, this action was not a final judgment or decision, but "merely another step in the process of determining whether surplus property of the municipality should be disposed of and [the] terms under which it should be transferred." Judge Blackmon Sanders seemingly adopted this argument and dismissed the Neighbors' appeal with prejudice. The Neighbors and Hyland and Copeland argue that the City's action constituted a final acceptance of Magnolia Medical Foundation's proposal to the exclusion of all other proposals and that the City disposed of all issues related to their appeals by this final acceptance. In his order on December 26, 2018, Judge Johnson agreed, finding that the City made "a firm decision and judgment to sell the property to Magnolia."

¶16.    In *Ball*, the Mississippi Supreme Court also considered when a municipality's actions constituted a final, appealable judgment or decision. *Ball*, 983 So. 2d at 299 (¶10). In *Ball*, the City argued that its final decision came when the City's mayor and board of aldermen passed a resolution to enter into an option agreement with a private company for the sale of surplus property. *Id*. at 299 (¶9). The City further argued that any notice of appeal should have been filed within ten days of the date that the City passed the resolution. *Id*. But the aggrieved residents did not file their notice of appeal until the private company notified the mayor that it wished to exercise the option agreement, and the mayor executed and delivered a special warranty deed on the subject property to the company. *Id*. at 298-99 (¶¶5, 7). The *Ball* Court disagreed with the City's argument, finding that "the language of the option agreement *may be interpreted to be conditional in nature*," and therefore, the passing of the resolution was not a final disposition of all the issues. *Id*. at 300 (¶15). Rather, the *Ball*

9

Court found that the City made no final decision on the conveyance of the surplus property until months later when the city council voted to allow the mayor to execute the deed. *Id*. at (¶17). Therefore, the mayor's execution and delivery of the deed that same day constituted an appealable action. *Id*.

¶17. In a similar case, *J. H. Parker Construction Co.*, 721 So. 2d at 673 (¶4), Parker Construction and Lampkin Construction were among several companies that submitted proposals to the City of Natchez for a construction project. On February 13, 1996, the City held a board meeting where it allowed the City engineer to evaluate each of the submitted proposals. *Id*. At the meeting, the City engineer recommended that the City award the project to Lampkin, "*contingent upon* the approval of the Mississippi Department of Transportation and the Federal Highway Administration." *Id*. (emphasis added). Before the meeting concluded, the City voted to award the project to Lampkin Construction, based upon the City engineer's recommendation. *Id*. The City waited for approvals from the Mississippi Department of Transportation and the Federal Highway Administration before finally executing a contract with Lampkin Construction. *Id*. at (¶7). Parker Construction then appealed to the circuit court, which affirmed the City's award of the project to Lampkin Construction. *Id*. at (¶¶7-8). Parker Construction appealed the circuit court's decision. *Id*. at (¶8).

¶18. On appeal, the City argued that Parker Construction failed to timely file a notice of appeal within ten days after the City voted to award the project to Lampkin Construction on February 13, 1996. *Id*. at 673-74 (¶9). But Parker Construction argued that the City "only

contingently awarded the contract on February 13" and that the City made no final, appealable decision until its April 11 execution of the contract. *Id*. at 674 (¶9). This Court agreed. *Id*. at (¶11). Although this Court ultimately affirmed the City's award, we found that "Parker Construction had no right to appeal" until the City received their contingent approvals and awarded Lampkin Construction the project on April 11. *Id*. We found that had the contingencies not been met, Lampkin may not have been awarded the project, and there would have been nothing for Parker Construction to appeal. *Id*.

¶19. Ultimately, the *Ball* and *Parker Construction* Courts found that if a municipality's decision was based upon contingencies or may be interpreted as conditional, it was not a final or appealable decision. We agree with both the Neighbors and Hyland and Copeland that the City moved to accept Magnolia Medical Foundation's proposal to the exclusion of all other submitted proposals on September 11, 2018. But the City passed the motion to accept the proposal *contingent upon* Magnolia Medical Foundation investing funds in the Old General Hospital building and *subject to* certain restrictions and requirements to be established by the Public Properties Committee. According to our prior case law, this action could be viewed as conditional in nature and, therefore, does not constitute a final, appealable decision. The City and Magnolia Medical Foundation must first take these conditional steps set forth in the motion before it can execute and transfer the property to Magnolia Medical Foundation, thereby finalizing the City's decision. If the parties fail to meet these contingencies, there may never be a final, appealable decision by the City. Without a final, appealable decision, the Neighbors and Hyland and Copeland cannot seek redress from the circuit courts or this

11

Court.

¶20. For these reasons, we find that the City made no final, appealable decision by passing the conditional motion to accept Magnolia Medical Foundation's proposal. Without a final, appealable decision, the circuit courts lacked jurisdiction to hear the merits of both appeals. We therefore affirm Judge Blackmon Sanders's dismissal of the Neighbors' appeal, and we reverse and vacate Judge Blackwell's judgment against the City.

¶21. **APPEAL NO. 2019-CA-00500-COA: AFFIRMED. APPEAL NO. 2019-CA-00765-COA: REVERSED AND VACATED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND McCARTY, JJ., CONCUR. BARNES, C.J., NOT PARTICIPATING.**

12